YESSENOW et al., Appellees,

v.

AUE DESIGN STUDIO, INC. et al., Appellants.

[Cite as *Yessenow v. Aue Design Studio, Inc.*, 165 Ohio App.3d 757, 2006-Ohio-1202.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 86580 and 86888.

Decided March 16, 2006.

Reminger & Reminger Co., Andrew A. Kabat, Holly M. Wilson, and Bradley J. Barmen; Ziegler, Metzger & Miller and Glen H. Garrett, for appellees.

Porter, Wright, Morris & Arthur, L.L.P., John A. Mugnano, and Daniel F. Gourash, for appellants.

---

ANN DYKE, Administrative Judge.

{¶ 1} In case No. 86580, defendants Seldon David Kyle and SDK Interactive, L.L.C. ("SDK") appeal from the judgment of the trial court that denied their motion to compel arbitration of an action filed by plaintiffs Lisa Yessenow and Pretzables, Inc. In case No. 86888, defendants appeal from the trial court's denial of their motion for relief from that judgment. For the reasons set forth below,

the judgment rendered in case No. 86580 is reversed, and case No. 86888 is dismissed as moot.

{¶ 2} On March 16, 2005, plaintiffs filed this action against defendants and Aue Design Studio, Inc., Mary Ann Aue, and Jennifer Sukas in connection with their alleged failure to timely establish a mercantile website. Plaintiffs set forth claims for breach of contract, breach of warranty, negligence, negligent misrepresentation, and fraud.

{¶ 3} In a limited appearance in the action, defendants Kyle and SDK moved to stay the proceedings in favor of arbitration. These defendants asserted that their written agreement with plaintiffs is enforceable and provides for mutual and binding arbitration in accordance with the following provision:

{¶ 4} "Arizona law governs this engagement. Any dispute arising from, connected with or related to the Work of this engagement will be resolved exclusively by arbitration before a single arbitrator under the commercial rules of arbitration of the American Arbitration Association in Tuscon, Arizona. The award in any such arbitration may be entered as a final judgment in the Arizona Superior Court, Pima County, Arizona or elsewhere as the prevailing party may determine appropriate. In any such arbitration, the prevailing party will be entitled to recover its attorneys fees."

{¶ 5} In opposition, plaintiffs argued that the arbitration provision has unconscionable terms and is unenforceable because the agreement in which it was contained also set forth a limitation of liability which in effect left plaintiffs with no meaningful remedy. This clause provided:

{¶ 6} "Our liability on whatever basis arising from, related to or connected with the Work or this engagement otherwise (a) shall be limited to what the client pays us, (b) will not under any circumstances include consequential or incidental damages including but not limited to those for lost profits, loss of business, lost revenue or loss of customer goodwill, (c) will not include that for or in connection with third-party liability or damage claims or (d) loss of or damage to records or data of the client, any customer of the client or any other party."

{¶ 7} Plaintiffs additionally complained that the agreement contained a choice-of-law provision and was a contract of adhesion that resulted after Aue Design and Sukas retained these defendants to prepare the website. Plaintiffs also asserted that they never signed the agreement containing the arbitration provision.

{¶ 8} The trial court denied the motion to stay on May 12, 2005, and Kyle and SDK filed a notice of appeal.[1] On July 29, 2005, Kyle and the SDK defendants

---

1. We note our jurisdiction under R.C. 2711.02(C).

filed a motion for relief from judgment.[2] Defendants asserted that they were entitled to relief from judgment under Civ.R. 60(B)(3) because plaintiffs made misrepresentations to the court by claiming that they had not entered into a contract with SDK. Defendants also claimed that they were entitled to relief from judgment under Civ.R. 60(B)(2), as newly discovered evidence established that plaintiffs had entered into a written agreement with SDK and that they were entitled to relief from judgment under the "catch-all" provision of Civ.R. 60(B)(5). Finally, defendants claimed that they had a meritorious defense as the arbitration provision is enforceable under Arizona law because Arizona law does not render an arbitration clause unenforceable if it also limits liability. The trial court denied the motion for relief from judgment.

{¶ 9} Defendants now appeal and assign two errors for our review.

{¶ 10} Within their first assignment of error, defendants assert that the trial court erred in denying their motion to stay the proceedings. In their second assignment of error, defendants maintain that the trial court erred in denying their motion for relief from judgment.

### Case No. 86580—Denial of Motion to Compel Arbitration

{¶ 11} We review the granting or denial of a motion to stay proceedings under an abuse-of-discretion standard. *Sikes v. Ganley Pontiac Honda, Inc.*, Cuyahoga App. No. 82889, 2004-Ohio-155, 2004 WL 67224; *Coble v. Toyota*, Cuyahoga App. No. 83089, 2004-Ohio-238, 2004 WL 99039; *Cronin v. California Fitness*, Franklin App. No. 04AP-1121, 2005-Ohio-3273, 2005 WL 1515369; *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.* (1998), 126 Ohio App.3d 251, 254–255, 710 N.E.2d 299; *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. An abuse of discretion is more than an error of judgment but, instead, demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," or an arbitrary, unreasonable, or unconscionable attitude. *Cronin v. California Fitness*, 2005-Ohio-3273, 2005 WL 1515369, ¶ 7, citing *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748 and *Schafer v. Schafer* (1996), 115 Ohio App.3d 639, 642, 685 N.E.2d 1302.

{¶ 12} An allegation that an arbitration clause is unconscionable puts the validity of that provision at issue and requires the court to make a finding regarding enforceability. *Molina v. Ponsky*, Cuyahoga App. No. 86057, 2005-Ohio-6349, 2005 WL 3219720. See, also, *Olah v. Ganley Chevrolet, Inc.*, Cuyahoga App. No. 86132, 2006-Ohio-694, 2006 WL 350204. Similarly, where a party disputes the making of the agreement, a hearing should be held. Cf. R.C.

---

2. We subsequently remanded the matter in order for the trial court to rule on the motion for relief from judgment, then sua sponte consolidated both appeals.

2711.02(B); R.C. 2711.03 (both require a trial court to determine ultimately whether an arbitration provision is enforceable and to be satisfied that the relief sought is appropriate before issuing the order).

 {¶ 13} In this case, plaintiffs maintained that the arbitration provision has unconscionable terms and is unenforceable due to the limitation of liability, which, plaintiffs claimed, deprived them of a meaningful remedy. Plaintiffs also asserted that it is an adhesion contract and that they never signed the agreement. Under these circumstances, we conclude that the enforceability and validity of the agreement were in issue. We therefore hold that the trial court erred in invalidating the arbitration clause without holding a hearing. We reverse and remand this case to the trial court so that it may make findings, via a hearing or otherwise, on the validity, enforceability, and scope of the arbitration agreement, and, if appropriate, modify its judgment accordingly.

{¶ 14} We therefore reverse and remand this matter for further proceedings consistent with this opinion. The judgment rendered in case No. 86888, which challenges the trial court's denial of the motion to vacate the order denying the stay is now moot and is therefore dismissed for that reason.

{¶ 15} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GALLAGHER and BLACKMON, JJ., concur.