{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiffs-appellants, Kelly and Michael Bencivenni (collectively referred to as "the Buyers"), appeal from a judgment of the Cuyahoga County Court of Common Pleas granting the motion of defendant-appellee, Jay Womack ("Womack") and American Building Inspections, Inc. ("American"), to stay the case pending arbitration. For the reasons that follow, we reverse and remand for a hearing.
 {¶ 3} A review of the record reveals the following: On May 30, 2004, the Buyers and defendant Marilyn Dietz ("Seller") entered into a purchase agreement for real property located at 8779 Pheasant Lane in Kirtland, Ohio. The Buyers were represented in this transaction by defendant, Connie McCann ("McCann"), a sales agent with Realty One. The residential property disclosure form executed by the Sellers indicated no knowledge of any problems and/or known defects with respect to the property except for those specifically set forth in the disclosure statement.
 {¶ 4} McCann advised the Buyers to obtain a home inspection and recommended American to perform the job.
 {¶ 5} On June 9, 2004, Womack of American arrived at the home to perform a home inspection. Mr. Bencivenni, who is an attorney, arrived shortly thereafter and signed the inspection agreement provided by American. The inspection agreement provided that the inspection was limited to a "visual inspection" and "latent and concealed defects and deficiencies were excluded from the inspection." The inspection agreement also contained an arbitration provision that provided, in capital letters, as follows: "ARBITRATION PROVISION: ANY DISPUTE BETWEEN THE PARTIES SHALL BE SETTLED BY ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION."
 {¶ 6} Shortly after the inspection, American prepared an inspection report and provided it to the Buyers. The inspection indicated that some repair to the residence would be necessary if purchased. On August 6, 2004, the Buyers took ownership of the residence and began doing some of the necessary repairs to the house.
 {¶ 7} On October 12, 2004, the Buyers moved into the residence. Shortly thereafter, a rainstorm occurred and extensive amounts of water seeped through the ceiling of the breakfast room, master bedroom, and basement walls. The Buyers also discovered that the electrical wiring to the septic system was not working properly and that major repairs to the roof and heating unit had taken place that had not been disclosed to them.
 {¶ 8} On December 8, 2005, the Buyers filed this lawsuit claiming that American intentionally and/or negligently misrepresented the condition of the residence with regard to the roof, basement, plumbing, and windows.
 {¶ 9} On February 21, 2006, American filed a motion with the trial court to dismiss or compel arbitration or stay all matters pending arbitration. In that motion, American argued that Mr. Bencivenni agreed to arbitrate any disputes arising out of the inspection agreement when he signed the inspection agreement. The Buyers responded to the motion to stay and argued that the arbitration clause was unconscionable and, therefore, unenforceable. On May 9, 2006, the trial court, without hearing and without opinion, granted American`s motion to stay.
 {¶ 10} It is from this order that the Buyers now appeal and raise two assignments of error, which will be addressed out of order:
 {¶ 11} "II. The trial court erred when it granted `defendants` Jay Womack and American Home Inspections, Inc.`s motion without conducting a hearing."
 {¶ 12} In their second assignment of error, the Buyers argue that the trial court erred in granting American`s motion to stay proceedings pending arbitration without first conducting an evidentiary hearing. American maintains that the Buyers were not entitled to a hearing under R.C. 2711.02. The issue here is whether the trial court erred in failing to conduct a hearing on American`s motion to stay proceedings.
 {¶ 13} As an initial matter, we note that an order that grants or denies a stay of any action pending arbitration is a final appealable order for appeal purposes. See Dunn v. L M Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203.
 {¶ 14} R.C. 2711.02 requires a trial court to stay proceedings when a party demonstrates that a written agreement exists between the parties to submit the issue to arbitration. R.C. 2711.02 does not require a hearing. However, where a party disputes the making of the agreement, or alleges that the arbitration clause is unconscionable, a hearing should be held.
 {¶ 15} Here, the Buyers maintain that the arbitration clause has unconscionable terms, is against public policy, and is unenforceable. Accordingly, we conclude that the enforceability and validity of the agreement are in issue. Thus, we find that the trial court erred in validating the arbitration clause without first holding a hearing. We reverse and remand this case to the trial court so that it may make findings, via a hearing, on the validity, enforceability, and scope of the arbitration agreement, and, if appropriate, modify its judgment accordingly.
 {¶ 16} "I. The trial court erred when it granted `defendants` Jay Womack and American Home Inspections, Inc.`s motion to compel arbitration and stay proceedings."
 {¶ 17} In light of our conclusion as to the second assignment of error, we do not need to address the first assignment of error. See App.R.12(A)(1)(c).
 {¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants recover of appellees their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR.