OPINION
{¶ 1} Defendant-appellant, Palm Harbor Homes, Inc., appeals a decision of the Clinton County Court of Common Pleas denying its motion to stay the proceedings pending arbitration.[1] We affirm.
 {¶ 2} Plaintiff-appellee, Ripley Home Place, Inc. is a retailer of manufactured and *Page 2 
modular homes. By way of a letter dated February 20, 2004, appellee executed a written agreement with appellant, a builder of manufactured homes. Under the agreement, appellant would supply an inventory of these homes to appellee for public sale. The majority of the February 2004 agreement detailed the financial arrangements for the transaction. At the end of the agreement is an arbitration clause, providing: "Both parties agree to binding arbitration, should any dispute arise as a result of this Agreement."
 {¶ 3} In May 2004, one of the homes appellant sold to appellee sustained damage in a fire. Appellee believed that this fire damage was the result of some defect in the manufacturing process. In April 2006, appellee and its insurer, Northland Insurance Company (collectively "appellees"), filed a complaint against appellant alleging claims of strict liability, breach of warranty, and negligence. Shortly thereafter, appellees filed an amended complaint against appellant asserting the same claims. Appellant answered and moved the court to stay the proceedings pending arbitration. The trial court denied appellant's motion. This appeal followed.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "IN ITS ORDER FILED ON JUNE 28, 2006, THE TRIAL COURT ERRED BY NOT STAYING THE PROCEEDINGS TO ALLOW ARBITRATION IN ACCORDANCE WITH THE PARTIES' PRIOR WRITTEN AGREEMENT."
 {¶ 6} Appellant argues that the trial court erred in denying its motion to stay the proceedings pending arbitration. Appellant criticizes the trial court's narrow interpretation of the arbitration clause. Whereas the trial court concluded that the clause only pertained to the financial arrangements in the agreement, appellant insists that the broadly-worded clause covered the claims asserted by appellees in the amended complaint.
 {¶ 7} Generally, appellate courts review a trial court decision denying a motion to stay proceedings pending arbitration under an abuse of discretion standard. See, e.g., Yessenow *Page 3 v. Aue Design Studio, Inc., 165 Ohio App.3d 757, 2006-Ohio-1202, ¶ 11;McGuffey v. LensCrafters, Inc. (2001), 141 Ohio App.3d 44, 49. Interpreting the meaning and construction of contracts, however, involves a question of law which appellate courts review de novo. SeeWest v. Household Life Ins. Co., Franklin App. No. 06AP-906,2007-Ohio-845, ¶ 7. In addition, the question of whether a particular claim is arbitrable is one of law for the court to decide. Council ofSmaller Enterprises v. Gates, McDonald Co., 80 Ohio St.3d 661, 666,1998-Ohio-172. Accordingly, we shall conduct a de novo review of the trial court's denial of appellant's motion to stay. In applying this standard, we are not required to defer to the trial court's decision.Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 11.
 {¶ 8} Arbitration is a favored method of dispute resolution in the law. Williams v. Aetna Fin. Co., 83 Ohio St.3d 464, 471, 1998-Ohio-294. The strong public policy in favor of arbitration is codified in Ohio's Arbitration Act,[2] which requires a court to stay an action if it involves an issue covered by an arbitration agreement. See ABM Farms,Inc. v. Woods, 81 Ohio St.3d 498, 500, 1998-Ohio-612. Where there are doubts regarding the application of an arbitration clause, such doubts should be construed in favor of arbitrability. Council of SmallerEnterprises at 666 (noting that "where the contract contains an arbitration clause, there is a presumption of arbitrability"). See, also, Cronin v. California Fitness, Franklin App. No. 04AP-1121,2005-Ohio-3273, ¶ 8.
 {¶ 9} Despite the strong policy in favor of arbitration, a matter that does not fall within the ambit of an arbitration agreement should not be submitted to mandatory arbitration. Council of Smaller Enterprises
at 665, quoting AT T Technologies, Inc. v. Communications Workers ofAm. (1986), 475 U.S. 643, 648-49, 106 S.Ct. 1415. "[Arbitration is a matter of *Page 4 
contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit [to arbitration]." McGuffey v. LensCrafters, Inc., Butler App. No. CA2005-03-069, 2006-Ohio-206, ¶ 28, quoting Teramar Corp. v. RodierCorp. (1987), 40 Ohio App.3d 39, 40. See, also, Henderson v. LawyersTitle Ins. Corp., 108 Ohio St.3d 265, 2006-Ohio-906, ¶ 28. Although there is a presumption of arbitrability when a contract contains a broad arbitration clause, such a clause may be denied effect where "it may be said with positive assurance that the arbitration clause is * * * susceptible of an interpretation that covers the asserted dispute."Council of Smaller Enterprise at 669, quoting Independence Bank v. ErinMechanical (1988), 49 Ohio App.3d 17, 18.
 {¶ 10} The issue in the case before us is whether the parties agreed to arbitrate the particular claims raised in appellees' amended complaint. See Academy of Medicine of Cincinnati v. Aetna Health,Inc., 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 17-18. Answering this question in the negative, the trial court determined that the arbitration clause referred only to disputes involving the financial arrangements outlined in the February 2004 agreement. Because appellees' amended complaint alleged claims of strict liability, breach of warranty, and negligence, rather than financial matters, the trial court concluded that the arbitration clause was not applicable.
 {¶ 11} As stated, the arbitration clause provided that "[b]oth parties agree to binding arbitration, should any dispute arise as a result of this Agreement." Indeed, this wording is broad. The clause does not limit its application to certain causes of action or to certain aspects of the agreement. See id. However, the existence of a contract between two parties does not make every dispute between those parties arbitrable. Id. at ¶ 29. As stated, claims which fall outside the scope of the arbitration clause are not subject to mandatory arbitration.Council of Smaller Enterprises at 665.
 {¶ 12} The Ohio Supreme Court has sanctioned the use of a federal test to determine *Page 5 
the arbitrability of a claim:
 {¶ 13} "We find that the Fazio test[3] is consistent with Ohio law and is not contrary to federal law on the issue of arbitrability. * * * [I]n determining whether a cause of action is within the scope of an arbitration agreement, a state court in Ohio may base that determination on a federal standard that inquires whether the action could be maintained without reference to the contract or relationship at issue."Academy of Medicine of Cincinnati at ¶ 30.
 {¶ 14} The supreme court reasoned that if the action could be maintained without reference to the contract or relationship at issue, it was likely outside the scope of the arbitration agreement. Id. at ¶ 6. Tort claims such as appellees' claims of strict liability and negligence could be brought by a subsequent purchaser of the home who was not in privity with appellant. Appellees' tort claims allege the defective manufacture of the home which resulted in the destruction of the home by fire. Such claims do not rely upon the existence of the contract in order to survive and could be asserted against appellant independent of the contract. Therefore, the parties did not agree to arbitrate those claims and they are outside the scope of the arbitration agreement.
 {¶ 15} Appellant correctly asserts that a breach of warranty claim based in contract cannot survive absent a contractual relationship between the parties. See Lawyers Coop. Publishing Co. v. Muething
(1992), 65 Ohio St.3d 273, 277; Diversified Capping Equip. v. ClintonPattern Works, Inc., Wood App. No. WD-01-035, 2002-Ohio-2295. However, appellees did not file a breach of warranty claim based in contract.[4] In fact, the amended complaint did not refer to the agreement between the parties at all. *Page 6 
 {¶ 16} Paragraph five of appellees' amended complaint alleged a breach of the warranties of merchantability and fitness of the manufactured home for use by the public. This court has recognized the common law cause of action for breach of implied warranty in tort. See, e.g.,White v. DePuy, Inc. (1998), 129 Ohio App.3d 472, 478. Such a claim "imposes liability upon a manufacturer or a seller for breach of an implied representation that a product is`'of good and merchantable quality, fit and safe for its ordinary intended use * * *.'" Id. An action for breach of implied warranty in tort is akin to an action for strict liability in tort as described in Section 402A of the Restatement of Torts 2d. In fact, the two theories have been used interchangeably and analyzed together since the Ohio Supreme Court adopted the Restatement definition of strict liability in tort. See Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 322.
 {¶ 17} As with appellees' other two causes of action, its claim for breach of implied warranty in tort does not depend upon the existence of the contract to be maintained. "Absent privity, liability in tort is grounded upon either negligence or breach of an implied duty of merchantable quality and fitness for intended use." Vetovitz Bros., Inc.v. Kenny Const. Co. (1978), 60 Ohio App.2d 331, 332. This is reflected in the wording of appellees' amended complaint, which does not rely upon the contract. Therefore, the parties did not agree to arbitrate the breach of warranty claim and it is outside the scope of the arbitration agreement.
 {¶ 18} Because appellees' claims of strict liability, negligence, and breach of warranty are not arbitrable, appellant's assignment of error is overruled.
 {¶ 19} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar and placed it on the regular calendar for purposes of issuing this opinion.
[2] R.C. 2711.01 et seq.
[3] Fazio v. Lehman Bros., Inc. (C.A.6, 2003), 340 F.3d 386, 395.
[4] In a products liability case, there are three potential causes of action available to a plaintiff: (1) an action in contract; (2) an action in tort for negligence; or (3) an action in tort for breach of implied warranty. Lonzrick v. Republic Steel Corp. (1966),6 Ohio St.2d 227, 229-30. *Page 1