JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Plaintiff-appellant, Daisy Castro ("appellant"), appeals the trial court's judgment granting the motion of defendants-appellees, Dennis Higginbotham and Ganley, Inc. ("appellees"), to stay proceedings pending arbitration. For the reasons set forth below, we reverse and remand for a hearing.
 {¶ 2} On or about December 12, 2005, appellant and Ganley executed a Motor Vehicle Purchase Contract for the purchase and sale of a used 2005 Chevrolet Impala motor vehicle. Incorporated within said Purchase Contract was an agreement to arbitrate which appellant separately executed. The arbitration provision stated:
 {¶ 3} "ARBITRATION — ANY DISPUTE BETWEEN YOU AND DEALER (SELLER) WILL BE RESOLVED BY BINDING ARBITRATION. YOU GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT YOUR RIGHTS IN THIS SALES TRANSACTION AND ANY FUTURE SERVICE TRANSACTIONS WITH DEALER. (EXCEPT FOR ANY CLAIM IN SMALL CLAIMS COURT). YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR, NOT A JUDGE OR JURY. YOU ARE ENTITLED TO A FAIR HEARING, BUT ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. ARBITRATOR DECISIONS ARE AS ENFORCEABLE AS ANY COURT ORDER *Page 4 
AND ARE SUBJECT TO A VERY LIMITED REVIEW BY A COURT. SEE BACK OF THIS CONTRACT FOR ADDITIONAL ARBITRATION TERMS."
 {¶ 4} Additional arbitration terms were provided on the back of the contract, which explained the methods of arbitration employed by the dealership, as well as other dispute resolutions offered by the dealership.
 {¶ 5} On May 10, 2006, appellant filed a complaint against appellees alleging violations of the Ohio Consumer Sales Practices Act and Motor Vehicle Sales Rule, breach of contract, fraud and deceit. Instead of filing an answer to appellant's complaint, appellees made a limited appearance and filed a motion for stay of proceedings claiming that appellant signed an agreement to arbitrate any disputes arising out of the purchase transaction. In opposition, appellant argued that the arbitration clause is unconscionable, unenforceable and constituted an adhesion contract. Additionally, appellant asserted that she was fraudulently induced into entering into the arbitration agreement. Finally, she maintained that the claims alleged in her complaint are outside the scope of the arbitration clause. On July 25, 2006, the trial court, without hearing and opinion, granted appellees' motion to stay.
 {¶ 6} Appellant now appeals and asserts one assignment of error for our review. Appellant's sole assignment of errors states:
 {¶ 7} "The trial court erred by granting Defendant-Appellees['] "Motion for Stay of Proceedings" and thereby halting all further legal proceedings and enforcing *Page 5 
the arbitration provision contained in an adhesion contract for the purchase of a used motor vehicle."
 {¶ 8} In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion. Sikes v. Ganley Pontiac Honda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155; Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621; Carter Steel Fabricating Co. v. DanisBldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254-255, 710 N.E.2d 299;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410,701 N.E.2d 1040. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} R.C. 2711.02 mandates that a trial court stay an action if the issues involved fall under an arbitration agreement. This statute does not require a hearing. However, where a party challenges the validity or existence of an arbitration agreement, R.C. 2711.03 requires that the trial court conduct a hearing. See, also, Yessenow v. Aue Design Studio,Inc., 165 Ohio App.3d 757, 2006-Ohio-1202, 848 N.E.2d 563;Bencivenni v. Dietz, Cuyahoga App. No. 88269, 2007-Ohio-637; Herman v.Ganley Chevrolet, Inc., Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251; Dunn v. L M Bldg., Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203; *Page 6 Ritchie's Food Distrib., Inc. v. Refrigerated Constr. Serv., Inc., Pike App. No. 02CA683, 2002-Ohio-3763.
 {¶ 10} Because an allegation that an arbitration clause is unconscionable disputes the validity of that provision and requires the court to make a finding regarding enforceability, the trial court is required to conduct a hearing. Yessenow, supra at 760;Bencivenni, supra; Dunn, supra. Likewise, the court should hold a hearing where a party challenges the making or execution of the agreement. Yessenow, supra at 760-761; Dunn, supra.
 {¶ 11} In the case sub judice, appellant contends that the arbitration provision has unconscionable terms, is unenforceable, and constitutes an adhesion contract. Additionally, appellant attacks the effectiveness of her alleged assent to the terms of the arbitration terms, arguing she was fraudulently induced into entering the contract. Finally, appellant argues that the claims asserted in her complaint are outside the scope of the arbitration agreement. Under these circumstances, we conclude that the enforceability and validity of the agreement were in issue. Consequently, we find that the trial court erred in validating the arbitration clause without holding a hearing. We, therefore, reverse and remand this matter to the trial court in order to make findings, via a hearing or otherwise on the validity, enforceability and scope of the arbitration agreement, and, if appropriate, modify its judgment accordingly.
 {¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. *Page 7 
It is, therefore, considered that said appellant recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1