OPINION
{¶ 1} Appellants Michael F. Durina and MD Plastics, Inc. are pursuing this appeal to reverse a stay of proceedings pending arbitration. Appellants filed a complaint in the Columbiana County Court of Common Pleas asking for a judicial dissolution of Plastic Processing Technologies, LLC (PPT), a limited liability company formed in Nevada. The complaint also contained a variety of counts alleging various breaches of contract, disputes over a licensing agreement, wrongful deposit of checks, failure to account for funds, breach of fiduciary duties, and requested the return of loan advances.
 {¶ 2} Appellants and Appellee Filtroil, Inc. (Filtroil) were the members of the limited liability company. Appellee Filtroil filed a motion for stay of proceedings pursuant to an arbitration clause in the regulations of PPT. The trial court determined that it did not have jurisdiction to dissolve a Nevada corporation, but that arbitration was proper for the remaining disputes in the complaint. The action was then stayed pending arbitration. It is clear from the PPT code of regulations that dissolution of the corporation, as well as most other disputes between members of the company, are required to be submitted to arbitration. The trial court's ruling was correct, and the judgment is affirmed.
 PROCEDURAL BACKGROUND OF THE CASE {¶ 3} Appellant Durina filed the initial complaint on January 12, 2007. Appellant alleged that PPT was a Nevada corporation with its principle office in Columbiana, Ohio. He alleged that he was the senior manager of the company and that Filtroil was the manager. The complaint contained allegations that Filtroil failed *Page 2 
to properly market, promote and sell the company's products. Appellant sought judicial dissolution of the company and damages of over $100,000, based on breach of contract and breach of fiduciary duty. No contract was attached to the complaint.
 {¶ 4} On February 13, 2007, Filtroil filed a motion for more definite statement, or, in the alternative, a motion to strike and motion to dismiss. On March 1, 2007, Appellant Durina filed an amended complaint, which was accepted by the trial court on March 7, 2007.
 {¶ 5} On April 9, 2007, the trial court issued a judgment entry stating that the amended complaint was still vague or ambiguous, and the court dismissed the complaint. The court granted Durina until May 14, 2007, to file a proper complaint, along with any written documents that formed the basis of the claim.
 {¶ 6} Appellant Durina filed a second amended complaint on May 14, 2007. Attached to this complaint were the regulations of PPT. The second amended complaint added MD Plastics as a plaintiff.
 {¶ 7} Filtroil filed an answer on May 30, 2007, along with an application for stay of proceedings pending arbitration. The answer affirmatively pleaded the application of an arbitration clause. On June 8, 2007, Durina filed a memo in opposition to the request for a stay. Further memos were filed by both sides regarding arbitration. Ultimately, on June 28, 2007, the trial court granted a stay of proceedings. This appeal followed on July 24, 2007.
 {¶ 8} An order that grants or denies a stay of trial pending arbitration is a final appealable order. R.C. 2711.02(C). *Page 3 
 ASSIGNMENT OF ERROR NO. 1 {¶ 9} "The trial court erred in granting the Defendant-Appellee's Application for a Stay when it determined that arbitration is proper and that the Company Regulations provide for both arbitration and dissolution."
 {¶ 10} Appellants contend that they requested judicial dissolution of a limited liability corporation, and that such a right exists apart from any contractual agreement to arbitrate disputes between the members of the corporation. Appellants assert that it is improper to suspend the proceedings pending arbitration when the court has the separate power to dissolve the corporation; power completely distinct from the rules governing arbitration. Appellants request that the court dissolve the company under Ohio law rather than force the parties to undergo arbitration.
 {¶ 11} An appellate court reviews an order granting or denying stay pending arbitration under an abuse of discretion standard. Juhasz v.Costanzo (2001), 144 Ohio App.3d 756, 760, 761 N.E.2d 679. "An abuse of discretion is more than an error of judgment but, instead, demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency,' or an arbitrary, unreasonable, or unconscionable attitude." Yessenow v. Aue Design Studio, Inc., 165 Ohio App.3d 757,2006-Ohio-1202, 848 N.E.2d 563, ¶ 11.
 {¶ 12} Appellants' argument is flawed in a number of aspects. First, Appellants have provided no legal basis for concluding that an Ohio court has the authority to dissolve a Nevada limited-liability corporation. Appellants have assumed that, if they win on the argument that arbitration is inappropriate, the trial court must *Page 4 
necessarily proceed with judicial dissolution. Appellants simply assume that there exists some independent right, apart from the law governing arbitration, for a member of a Nevada limited-liability corporation to have that corporation dissolved in Ohio. Appellants' argument has no basis in law.
 {¶ 13} Appellants acknowledge that, in general, a corporation may only be dissolved in the state or jurisdiction in which it was created. Although the briefs on appeal do not significantly address this issue, considerable caselaw exists in other jurisdictions which holds that one state cannot dissolve a corporation from another state. Warde-McCann v.Commex, Ltd. (1987), 522 N.Y.S.2d 19, 19, 135 A.D.2d 541; Young v. JCRPetroleum, Inc. (1992), 188 W.Va. 280, 423 S.E.2d 889; Spurlock v. SantaFe Pacific R. Co. (1984), 143 Ariz. 469, 482, 694 P.2d 299.
 {¶ 14} The Ohio Supreme Court has held (in a case involving whether a creditor of an insolvent Kansas corporation could bring an action in Ohio against an Ohio shareholder of the corporation) that, "our courts have no jurisdiction to adjudicate the affairs of a foreign corporation, and any attempt to wind up its business by a comprehensive decree in our courts would be futile." Kulp v. Fleming (1901), 65 Ohio St. 321, 339,62 N.E. 334.
 {¶ 15} More directly, Appellants' contentions fail because the Ohio dissolution statutes they rely on do not allow for the dissolution of a non-Ohio company. Appellants rely on R.C. 1705.47, which states:
 {¶ 16} "On application by or for any member of a limited liability company, the court of common pleas may decree the dissolution of that company if it is not *Page 5 
reasonably practicable to carry on the business of the company in conformity with its articles of organization and operating agreement."
 {¶ 17} R.C. 1705.47, though, acts in conjunction with R.C. 1705.43(A), which states in pertinent part:
 {¶ 18} "(A) A limited liability company organized under thischapter shall be dissolved upon the occurrence of any of the following events:
 {¶ 19} "* * *
 {¶ 20} "(5) Upon entry of a decree of judicial dissolution under section 1705.47 of the Revised Code." (Emphasis added.)
 {¶ 21} Thus, Ohio's dissolution statute only applies, by its own terms, to limited liability companies created pursuant to and utilizing the laws of Ohio. The limited-liability company at issue in this appeal was created in Nevada, and cannot be dissolved under Ohio statutes.
 {¶ 22} Nevada's dissolution statute is similarly restricted in its application to limited-liability companies created in Nevada. Nevada Revised Statutes 86.495 states that, "[u]pon application by or for a member, the district court may decree dissolution of a limited-liability company whenever it is not reasonably practicable to carry on the business of the company * * *." This statute is dependant, however, on the definition of "limited-liability company" found in Nevada Revised Statutes 86.061, which states: "`Limited-liability company' or `company' means a limited-liability company organized and existing under this chapter." Nevada and Ohio both restrict the application of their judicial dissolution statutes to limited-liability companies *Page 6 
formed pursuant to the laws of their own respective states. There is no question that PPT is a Nevada company; it can be dissolved only in Nevada. Appellants are attempting to use Ohio's statute to dissolve a foreign limited-liability company, which is not permitted under the statute.
 {¶ 23} Appellants attempt to overcome this jurisdictional problem by citing 1 Restatement of Law 2d, Conflict of Laws (1971), Section 188. This section of the Restatement does not deal with the dissolution of corporations, but rather, with resolving which law to apply in contract disputes when there is no choice of law provision in the contract. It is true that Ohio has adopted Section 188 in contract disputes, as set forth in the syllabus of Gries Sports Enterprises, Inc. v. Modell
(1984), 15 Ohio St.3d 284, 473 N.E.2d 807:
 {¶ 24} "In the absence of an effective choice of law by the parties, the contacts to be taken into account to determine the law applicable to an issue include:
 {¶ 25} "(a) the place of contracting,
 {¶ 26} "(b) the place of negotiation of the contract,
 {¶ 27} "(c) the place of performance,
 {¶ 28} "(d) the location of the subject matter of the contract, and
 {¶ 29} "(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
 {¶ 30} "(Section 188 of 1 Restatement of the Law 2d, Conflict of Laws, adopted and applied.)" *Page 7 
 {¶ 31} Section 188, though, does not support Appellants' argument on appeal, because they insist that they are not pursuing a contract dispute. Appellants argue that their only claim is for statutory dissolution without the need for any proof of fault or breach of contract by any of the members of the company. Since Section 188 deals with contractual disputes, it cannot provide any logical basis for an argument that flatly denies that there is a contractual dispute. Nevertheless, assuming arguendo that Section 188 is somehow relevant to Appellants' argument, it is clear this section only applies when the parties have not agreed which state's law will be used to interpret the contract. In this case there is a very clear choice of law provision in the regulations of PPT. These regulations constitute the contract between the members of the limited-liability company. Section 11.2 of the contract states that, "[t]hese Regulations and the rights of the parties hereunder are governed by, interpreted, and enforced in accordance with the laws of the State of Nevada." There is no conflict of laws problem here, and no need to resort to Restatement 2d, Conflict of Laws, because the parties have unquestionably agreed by contract that Nevada applies. Appellants have not provided any reference or authority from Nevada law to allow an Ohio court to dissolve a Nevada limited-liability company.
 {¶ 32} The remedy that Appellants seek, a judicial dissolution of a Nevada limited-liability company by an Ohio court, is not permissible in Ohio, and the trial court was correct in determining that it did not have jurisdiction to dissolve the company. The next important question is whether there were any remaining claims in Appellants' complaint that may be submitted to arbitration. If so, we must also *Page 8 
determine whether a stay of proceedings pending arbitration was appropriate with respect to those claims.
 {¶ 33} Despite what Appellants now argue on appeal, their second amended complaint contains a litany of allegations above and beyond a request for judicial dissolution, including a number of claims involving breach of contract. The complaint alleges a conflict of interest among other problems involving a licensing agreement, wrongful deposit of checks, failure to account for or return wrongfully deposited funds. The complaint requests a full accounting, outlines loans that MD Plastics made to the company that have not been repaid, describes breaches of fiduciary duties by Filtroil, and even accuses Filtroil of sabotaging the company. The complaint also contains the contracts that form the basis of these claims. It is quite evident from the record that the complaint sounds primarily in breach of contract, and the contracts are part of the record on appeal.
 {¶ 34} The main contract between the parties, as mentioned earlier, is the document labeled "Regulations of Plastic Processing Technologies, LLC." Section 11.15 of the contract contains an arbitration clause, which states:
 {¶ 35} "Arbitration. Any controversy or claim arising our of or relating to these Regulations, or the breach thereof, including without limitation, any claim that these Regulations or any portion thereof is invalid, illegal or otherwise voidable, shall be settled by arbitration administered by a three (3) judge panel by the American Arbitration Association in accordance with its Commercial Arbitration Rules. Any arbitration proceeding shall be held in Montgomery County, Nevada. Judgment on *Page 9 
the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof in accordance with the current rules of the American Arbitration Association. Provided, however, that this clause shall not limit the Company's or any Continuing Member's right to obtain any provisional remedy, including without limitation, injunctive relief, writs for recovery of possession or similar relief of or from any court of competent jurisdiction, as may be necessary in their sole judgment, to protect the rights granted under these Regulations."
 {¶ 36} Ohio has long had a policy favoring and encouraging arbitration as a means of resolving disputes. Brennan v. Brennan (1955),164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, paragraph one of the syllabus;Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711-712,590 N.E.2d 1242. Arbitration clauses are "valid, irrevocable, and enforceable" in Ohio. R.C. 2711.01(A). When a contract contains an arbitration clause, there is a presumption of arbitrability, and the clause should not be denied effect unless there is positive assurance that the clause is not susceptible to an interpretation that covers the asserted dispute. Academy of Medicine of Cincinnati v. Aetna Health,Inc., 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 14.
 {¶ 37} The arbitration clause in this case includes any controversy or claim arising out of or relating to the contract. The comprehensive contract appears to cover all the items mentioned in Appellants' complaint. It deals with members adding to and liquidating their capital accounts (Section 2.6), the liability of members for the debts and obligations of other members (Section 2.11), the duties of the managers of *Page 10 
the company (Section 3.1), the ratification of contracts by the members (Section 3.6), how conflicts of interest are treated (Section 3.9), how the company accounting is to be kept (Section 4.1), how losses and gains are allocated to the members (Section 5.1), and much more.
 {¶ 38} Further, the contract specifically deals with all aspects of the dissolution of the company as a whole and the dissolution of any single member's interest in the company (Section 6.1ff., 8.1). The events triggering dissolution are clearly enumerated in the contract:
 {¶ 39} "8.1 Dissolution of the Company
 {¶ 40} "(a) The Company is dissolved, its assets are disposed of, and its affairs wound up on the first to occur of the following occurrences:
 {¶ 41} "(i) A determination by Members owning more than fifty percent (50%) of the interests in the Company that the Company should be dissolved;
 {¶ 42} "(ii) A Dissolution Event, and the Company's or remaining Members' failure to purchase the Interest of the Former Member as provided in Section 6.1;
 {¶ 43} "(iii) The expiration of the Company term as stated in its Articles; or
 {¶ 44} "(iv) At such earlier time as provided by applicable law."
 {¶ 45} Any reasonable reading of these contract provisions indicates that most, if not all, of Appellants' claims (including a request to dissolve the company) are subject to arbitration. Under Ohio law, the contract is to be read liberally in favor of arbitration, and the trial court was correct in allowing the case to be sent to arbitration. Appellants' first assignment of error is without merit. *Page 11 
 ASSIGNMENT OF ERROR NO. 2 {¶ 46} "The trial court erred in granting the Defendant-Appellee's Application for a Stay when it determined that Defendant-Appellee had not waived its right to arbitration."
 {¶ 47} Appellants contend that Appellee waived the right to arbitration by its delay in petitioning the court to enforce the arbitration clause. It is well-established in Ohio that an arbitration clause may be waived. R.C. 2711.02(B) states:
 {¶ 48} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay isnot in default in proceeding with arbitration." (Emphasis added.)
 {¶ 49} The trial court's determination as to whether a party has waived the right to enforce an arbitration clause is reviewed for abuse of discretion. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 410, 701 N.E.2d 1040. The Second District Court of Appeals has held that, "that three factors are considered in deciding the waiver issue: `(1) [T]he time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice.' LouisDreyfus Negoce S.A. v. Blystad Shipping Trading, Inc. (C.A.2, 2001),252 F.3d 218, 229." *Page 12 Westminster Fin. Cos., Inc. v. Briarcliff Capital Corp.,156 Ohio App.3d 266, 2004-Ohio-782, 805 N.E.2d 191, ¶ 60-61.
 {¶ 50} "In order to waive the right to arbitrate, a party must know that he has the right to arbitrate and act inconsistently with that right, generally in a manner causing delay and prejudice to the opposing party." Featherstone v. Merrill Lynch, Pierce, Fenner Smith,Inc., 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 9. "We must remember that a waiver of the right to arbitrate is not lightly inferred." Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 415, 701 N.E.2d 1040.
 {¶ 51} "Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." Mills v. Jaguar-Cleveland Motors,Inc. (1980), 69 Ohio App.2d 111, 113, 430 N.E.2d 965.
 {¶ 52} "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Harsco Corp., supra,122 Ohio App.3d at 413-414, 701 N.E.2d 1040.
 {¶ 53} In Harsco Corp., the Third District Court of Appeals held that the defendant had not waived the right to arbitration even though it waited three months after filing its answer to petition the court for a stay pending arbitration.
 {¶ 54} As earlier discussed, the contract at issue in this appeal contains both an arbitration clause and a choice of law provision. The contract is to be interpreted under the laws of Nevada. Nevada has adopted the Uniform Arbitration Act. Nevada Revised Statutes 38.206-38.248. Nevada has essentially the same view of *Page 13 
arbitration as Ohio; arbitration is encouraged as a means of dispute resolution and that arbitration clauses are to be liberally construed in favor of arbitration. Phillips v. Parker (1990), 106 Nev. 415, 417,794 P.2d 716. Nevada law recognizes that an arbitration provision may be waived. Nevada Revised Statutes 38.217. Waiver may be shown if the party seeking to arbitrate knew of the right to arbitrate, acted inconsistently with that right, and prejudiced the other party.Nevada Gold Casinos, Inc. v. American Heritage, Inc. (2005),110 P.3d 481, 485.
 {¶ 55} In the instant appeal, the record does not reflect any act or inaction on Appellee's part inconsistent with its desire to enforce the arbitration clause. We can find no indication the Appellee delayed in invoking the arbitration clause. The company regulations were not attached to the original complaint, which prompted Appellee to file a motion for a more definite statement and to dismiss the complaint. Appellants' second complaint still did not satisfy Appellee or the court, and it was dismissed before Appellee could file an answer. Finally, Appellants filed their second amended complaint on May 14, 2007. Appellee then filed an answer on May 30, 2007. In that answer, Appellee asserted the arbitration clause and filed an application for a stay of proceedings. Contrary to Appellants' argument, Appellee did not delay at all in requesting arbitration once a valid complaint was finally filed. A party should not be required to request arbitration prior to a valid filing which includes a cognizable controversy involving an arbitration clause. The issue as to whether there was or was not a contract dispute allowing for arbitration was not made clear until May 14, 2007. Appellee's answer and request for a stay were filed promptly *Page 14 
after the second amended complaint was filed, and there is nothing in the record indicating any intent by Appellee not to enforce the arbitration clause. Appellants' second assignment of error is without merit.
 CONCLUSION {¶ 56} Appellants' complaint contains various allegations of breach of contract, and the contract contains a broad arbitration clause. There was no delay by Appellee to request arbitration, and the trial court did not abuse its discretion in staying the proceedings pending arbitration. Appellants' argument that there is a separate right, apart from the contract, to obtain a judicial dissolution of a Nevada limited-liability company using the Ohio court system has no basis in law. The judgment of the trial court is affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1