OPINION
{¶ 1} Plaintiff-appellant, John Cronin, appeals from an order of the Franklin County Court of Common Pleas that granted the motion of defendant-appellee, California Fitness, for a stay pending arbitration of this fitness club contract dispute.
 {¶ 2} In 1999, appellant purchased a monthly membership in appellee's Columbus fitness club. At the time, appellant understood he and his wife would be taking advantage of a "2 for 1" promotion, allowing them both to join for the price of one membership. In initiating his membership, appellant completed a multi-page "membership agreement" which, among other things, contained various contractual clauses intended to govern the parties' relationship. One clause of the contract indicated that the parties would submit to arbitration of any dispute over $500, and read in full, as follows:
7. ARBITRATION LIMITATION OF LIABILITY
If there is any dispute over $500 between you and California Fitness, both parties agree to submit it to binding arbitration, using the American Arbitration Rules (Rules). Arbitration means that neither you nor California Fitness can sue each other in court over the dispute and that a neutral arbitrator will decide it, not a jury or judge. The arbitration shall be held at the AAA office nearest to the club you joined and based on AAA's Rules, the parties agree they cannot conduct any discovery. California law governs the dispute.
The arbitration covers any dispute related to your membership and this Agreement, including financial obligations, Facilities, representations, personal injury, and property, contract, and tort damage of any kind. If there is any dispute over the applicability of arbitration or the validity of the Assumption of Risk/Waiver provision only an Arbitrator, not a court, may decide the dispute, which the Arbitrator must determine a separate hearing before arbitration may proceed.
If the arbitration proceeds further, the Arbitrator is limited to the terms of this Agreement and whether you or California Fitness prevail in the arbitration, the maximum an Arbitrator may award is the cost of your annual membership. The Arbitrator cannot award you any direct, indirect, special, consequential, or punitive damages, even if you told California Fitness you might suffer these damages.
The party who makes the claim must pay the costs of arbitration, including the arbitrator's fees, but each party will pay its own expenses, including attorney's fees and costs. Any judgement on the arbitrator's award may be entered in any court with jurisdiction. The parties shall not disclose the existence, contents, or results of the arbitration without the written consent of both parties.
 {¶ 3} In May 2004, appellant filed this action, alleging that, when he attempted to use the membership, he experienced repeated difficulty in gaining entrance to the club because club personnel did not recognize his membership. He additionally asserted that, despite the fact that appellee was continuing to withdraw dues from his checking account pursuant to an electronic funds transfer agreement he had executed as part of the membership agreement, he received notices that payments were past due. He asserts that, as a result of these difficulties, he lost his incentive to use the facility, and thus did not receive the benefit of the bargain. In his complaint, he sought compensatory, punitive, and other damages for breach of contract and related violations of the Ohio Consumer Sales Practices Act ("CSPA") and the federal Fair Credit Reporting Act, Section 1681, et seq., Title 15, U.S.Code.
 {¶ 4} On September 14, 2004, the trial court issued its decision and entry granting defendant's motion to stay pending arbitration. Finding that the arbitration clause governed this dispute, the court reasoned that because the facts demonstrated that appellant's submission to the terms of the agreement was knowing and voluntary, and because appellant did not successfully argue that the arbitration provision was unconscionable, the matter should be stayed so that arbitration could take place. Appellant now appeals and assigns the following as error:
The trial court erred as a matter of law in its Decision and Entry Granting Motion of Defendant to Stay Pending Arbitration, Filed July 20, 2004, and found in the record at #29 and #30, on 091404, Fiche A6771, Frame F09.
 {¶ 5} By this assignment of error, appellant argues that the trial court erred in concluding this arbitration clause is enforceable because the clause is substantively unconscionable in several respects. First, appellant claims the arbitration provision invaded a policy consideration of the CSPA because it took away the consumer's right to redress grievances against suppliers of consumer goods and services. Appellant also claims the provision's confidentiality requirement was unconscionable because it thwarts a CSPA purpose in allowing the public to have access to information about a supplier's wrongdoing as a deterrent against unscrupulous business practices. Thus, appellant urges this is an unenforceable arbitration clause because it conflicts with policies embodied in the CSPA.
 {¶ 6} Ohio's public policy encourages arbitration as a dispute resolution tool. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,711-712. Thus, R.C. Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement pursuant to an order staying trial court proceedings pursuant to R.C. 2711.02(B), which provides:
If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 7} When addressing whether a trial court has properly granted or denied a motion to stay proceedings, the standard of review is an abuse of discretion. Carter Steel Fabricating Co. v. Danis Bldg. Constr.Co. (1998), 126 Ohio App.3d 251, 254-255; Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410. An abuse of discretion is more than an error of judgment but, instead, demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable attitude. Schafer v. Schafer (1996),115 Ohio App.3d 639, 642.
 {¶ 8} In examining an arbitration clause, a court must be cognizant of the strong presumption in favor of arbitrability, resolving any doubts in favor of coverage under the arbitration clause. Sasaki v. McKinnon
(1997), 124 Ohio App.3d 613, 616-617, quoting Didado v. Lamson Sessions Co. (1992), 81 Ohio App.3d 302, 304. Ohio law encourages participation in arbitration over litigation. ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, 500; Kelm v. Kelm (1993), 68 Ohio St.3d 26.
 {¶ 9} Absent unconscionability, Ohio courts have held the concept of freedom of contract to be fundamental to our society. Dorsey v.Contemporary Obstetrics Gynecology, Inc. (1996), 113 Ohio App.3d 75,80. Unconscionability has been defined as an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Orlettv. Suburban Propane (1989), 54 Ohio App.3d 127, 129. Unconscionability is a question of law to be decided by the court.Jeffrey Mining Prod., L.P. v. Left Fork Mining Co. (2001),143 Ohio App.3d 708, 718.
 {¶ 10} "The unconscionability doctrine consists of two prongs: (1) substantive unconscionability, i.e., unfair and unreasonable contract terms, and (2) procedural unconscionability, i.e., individualized circumstances surrounding parties to a contract such that no voluntary meeting of the minds was possible." Dorsey, supra, at 80. A certain "quantum" of both substantive and procedural unconscionability must be present to find a contract unconscionable. Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826.
 {¶ 11} Further, substantive unconscionability involves factors relating to the contract terms themselves and whether they are commercially reasonable. Examining whether a particular limitations clause is substantively unconscionable, courts have considered the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. See id. at 834, citing Fotomat Corp. of Florida v.Chanda (Fla.App. 1985), 464 So.2d 626; Richard A. Berjian, D.O., Inc. v.Ohio Bell Tel. Co. (1978), 54 Ohio St.2d 147.
 {¶ 12} On the other hand, procedural unconscionability involves factors bearing on the relative bargaining position of the contracting parties, such as "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question." Collins, supra, quoting Johnson v.Mobil Oil Corp. (E.D.Mich. 1976), 415 F.Supp. 264, 268.
 {¶ 13} In the case at bar, the trial court determined that the arbitration clause was neither substantively nor procedurally unconscionable. Regarding whether the contract was substantively unconscionable, the court noted that the clause binds both parties equally, that the clause is written in the same type size and font as the rest of the agreement, and that it is clearly marked "Arbitration and Limitation of Liability" in bold, capital letters. The court additionally noted that appellant failed to allege that the cost of arbitration operated to effectively deter appellant from enforcing the provision, thus distinguishing the facts in Eagle v. Fred Martin Motor Co. (2004),157 Ohio App.3d 150.
 {¶ 14} Regarding whether the contract was procedurally unconscionable, the trial court stated in its decision and entry:
The membership contract Plaintiff signed is two pages long, and is largely preprinted, except for Plaintiff's personal information. Plaintiff has failed to produce any evidence to show, or even to allege, that he did not have a realistic opportunity to bargain. Plaintiff does not allege that he ever asked for a contract without an arbitration clause. Plaintiff initialed a provision of the contract that granted him the right to rescind the contract at any time prior to midnight of the third business day after the date of the contract, thereby having ample time to examine the contract's terms away from any pressure that might have existed when he signed it. Plaintiff has failed to produce evidence of other circumstances that might demonstrate procedural unconscionability, such as a lack of ability to understand the nature of the agreement, or a relative weakness in bargaining power. * * *
Id. at 3-4 (citation omitted).
 {¶ 15} Addressing appellant's argument that the arbitration clause violated the public policy embodied in the CSPA, the trial court indicated that, where the clause is not otherwise unconscionable, the strong presumption in favor of arbitrability outweighs consumer protection interests represented by the CSPA. Finally, the trial court concluded appellant's right to jury trial was not violated by the agreement because appellant's signing constituted a valid waiver.
 {¶ 16} In reviewing the signed contract, the trial court's decision, the record, and the arguments of both sides in this action, we agree with the trial court that appellant failed to present compelling evidence that the arbitration clause was unenforceable. From the facts, it appears that appellant's signing of the agreement was knowing and voluntary. Unlike the plaintiff in Eagle, appellant was not in a disadvantageous bargaining position, and was not induced to sign by adverse circumstances. As this court has held, the CSPA does not reflect a policy that claims falling under it should be enforced in court and not in arbitration. Vincent v.Neyer (2000), 139 Ohio App.3d 848, 852. Therefore, we reject appellant's argument that the purpose of the CSPA, or any other consumer protection law, is thwarted by enforcement of this arbitration provision.
 {¶ 17} Based upon these considerations, we cannot say that the trial court abused its discretion in granting appellee's motion to stay this matter pending arbitration. There simply was no evidence that the arbitration provision was unconscionable, and, therefore, the trial court was within its authority to enforce its terms. We overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and Sadler, J., concur.