OPINION
{¶ 1} Defendant-appellant, United Service Protection Corporation ("USPC"), appeals from a decision of the Franklin County Court of Common Pleas denying its *Page 2 
motion to stay proceedings pending arbitration. For the reasons that follow, we reverse and remand.
 {¶ 2} On November 30, 2005, plaintiffs-appellees, Steve and Amy Khoury, husband and wife, filed a complaint against USPC and defendant-appellee, Denney Motors Associates, Inc. ("Denney Motors"). The complaint set forth claims of breach of contract, breach of express and implied warranties, violation of the Ohio Consumer Sales Practices Act, violation of the Magnuson-Moss Warranty Act ("MMWA"), rescission, and fraud. The lawsuit was filed after the Khourys experienced mechanical problems with a 1999 Chevrolet Corvette that Mrs. Khoury purchased from Denney Motors on May 29, 2004, and after appellant denied coverage for the problems under the vehicle service warranty, "Extended Care+Plus" ("warranty"), that Mrs. Khoury purchased in connection with her purchase of the Corvette.
 {¶ 3} Appellant, which is identified as the administrator for the warranty, removed the action to the United States District Court for the Southern District of Ohio, Eastern Division, citing the existence of a federal question presented by the MMWA claim. Plaintiffs filed a motion to remand claiming that federal jurisdiction does not exist. The federal court granted the motion to remand, and accordingly remanded the matter to the Franklin County Court of Common Pleas.
 {¶ 4} In June 2006, and pursuant to R.C. 2711.02, appellant filed a motion to stay proceedings pending arbitration, citing binding arbitration clause language in the warranty booklet ("booklet") that details the terms of the warranty purchased by Mrs. Khoury. Subsequently, the Khourys filed a memorandum in opposition to appellant's motion, *Page 3 
arguing, inter alia, that the arbitration terms are unconscionable. Appellant filed a reply memorandum in support of its motion.
 {¶ 5} On August 29, 2006, the trial court filed a decision denying appellant's motion to stay proceedings pending arbitration. The trial court resolved that it "would be unconscionable to enforce an arbitration clause which a seller failed to make a buyer aware. Because defendant has failed to show that it is entitled to arbitration, the Court declines to stay proceedings in this case pending arbitration." (Aug. 29, 2006 Decision, at 2.) Subsequently, the trial court filed an order denying appellant's motion to stay proceedings pending arbitration, "finding such arbitration terms `substantially unconscionable.' " (Oct. 5, 2006 Order.)
 {¶ 6} In its appeal to this court, appellant sets forth the following assignment of error for our review:
 THE TRIAL COURT ERRED IN DENYING USPC'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION.
 {¶ 7} The Khourys argue that we must review the trial court's denial of the motion to stay proceedings pending arbitration under an abuse of discretion standard. Appellant argues that, regardless of the standard of review applied, the trial court's decision denying appellant's motion to stay proceedings pending arbitration must be reversed. Generally, appellate courts review a trial court's decision regarding a motion to stay proceedings pending arbitration under an abuse of discretion standard. Peters v. Columbus Steel Castings Co., Franklin App. No. 05AP-308, 2006-Ohio-382, at ¶ 10. However, the de novo standard of review is proper when the appeal presents a question of law. Id. *Page 4 
 {¶ 8} Ohio's public policy encourages arbitration as a dispute resolution tool. Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-712. See, also, Williams v. Aetna Finance Co. (1998),83 Ohio St.3d 464, at 471. This policy in favor of arbitration is reflected by R.C. 2711.02, which provides, in pertinent part, that a court shall stay trial proceedings to allow for arbitration when "an action is brought upon any issue referable to arbitration under an agreement in writing for arbitration * * * upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration[.]" R.C. 2711.02(B). Furthermore, "[a]n arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected."Williams, at 471. Because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Peters, supra, at ¶ 11. Therefore, even though there is a strong public policy favoring the settlement of disagreements by arbitration, a court cannot mandate that a party participate in arbitration if he has not agreed to do so. Id.
 {¶ 9} As noted above, in their memorandum in opposition to appellant's motion to stay proceedings pending arbitration, the Khourys argued that the arbitration terms are unconscionable. The Khourys claimed, inter alia, that they were unaware of the arbitration clause until appellant filed its motion to stay.
 {¶ 10} Unconscionability is defined as the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party.Cronin v. California Fitness, Franklin App. No. *Page 5 
04AP-1121, 2005-Ohio-3273, citing Dorsey v. Contemporary Obstetrics Gynecology, Inc. (1996), 113 Ohio App.3d 75. "[Arbitration clauses are unconscionable where [the] clauses are so one-sided as to oppress or unfairly surprise a party." Corl v. Thomas King, Franklin App. No. 05AP-1128, 2006-Ohio-2956, at ¶ 29, citing Eagle v. Fred Martin MotorCo., 157 Ohio App.3d 150, 2004-Ohio-829.
 {¶ 11} Assessing whether a contract provision is unconscionable requires an examination of the facts and circumstances surrounding the creation of the agreement. Id. In Ohio, a party claiming unconscionability must demonstrate (1) substantive unconscionability, i.e., unfair and unreasonable contract terms, and (2) procedural unconscionability, i.e., individualized circumstances surrounding parties to a contract such that no voluntary meeting of the minds was possible. Cronin.
 {¶ 12} Substantive unconscionability involves factors relating to the contract terms themselves and whether they are commercially reasonable. See Cronin. When examining whether a particular limitations clause is substantively unconscionable, courts have considered the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. Cronin, citing Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826. In contrast, procedural unconscionability involves factors bearing on the relative bargaining position of the contracting parties, such as "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." Cronin, *Page 6 
at ¶ 12, quoting Collins. A certain "quantum" of both substantive and procedural unconscionability must be present to find a contract unconscionable. Id., citing Collins.
 {¶ 13} In reaching its decision in this case, the trial court found that the requirement of binding arbitration was not mentioned on the warranty declaration page that was signed, that the requirement was not adequately explained, and that there was no evidence that the Khourys received a copy of the arbitration clause. The trial court resolved that "[i]t would be unconscionable to enforce an arbitration clause of which a seller failed to make a buyer aware." (Aug. 29, 2006 Decision, at 2.) The trial court's final order states that the arbitration terms are "substantially unconscionable."
 {¶ 14} Appellant argues that the trial court abused its discretion in relying upon Mr. Khoury's affidavit to support its finding that the buyer was not aware of the arbitration clause. In its decision, the trial court quoted the following statements contained in Mr. Khoury's affidavit: "Nobody from Denney stated to me that the Warranty that I was purchasing had an arbitration clause," or "that there were any additional terms and conditions other than the document that my wife signed and the brochure that they gave me a copy of," and that he "did not receive any information from USPC after I purchased the Warranty." (Steve Khoury affidavit, ¶ 7-8.) According to appellant, Mr. Khoury did not purchase the warranty, and, therefore, it had no obligation to provide any information to him regarding the terms of the warranty.
 {¶ 15} Certainly, Mr. Khoury was not the named purchaser of the vehicle or the named holder of the corresponding warranty. Mrs. Khoury is named as the purchaser on the vehicle purchase agreement form and is named as the agreement holder on the warranty declaration page. But, according to Mr. Khoury's affidavit, he was instrumental *Page 7 
in the negotiation for the vehicle and the warranty, and Mrs. Khoury purchased the vehicle and warranty at his direction. Considering Mr. Khoury's significant role in the purchase, as described in his affidavit, it would be reasonable to infer from the affidavit that neither he nor his wife received the warranty booklet at the time of the purchase.
 {¶ 16} Appellant also argues that the trial court erroneously implied in its decision that appellant had a duty to explain the arbitration provision to the buyer. Similarly, appellant argues that knowledge of the contents of the arbitration provision must be imputed upon plaintiffs. In support of these arguments, appellant asserts that one who signs a contract is presumed to know its contents.
 {¶ 17} Indeed, the law does not require an arbitration agreement to be orally explained to a party prior to obtaining the party's signature.Corl v. Thomas King, Franklin App. No. 05AP-1128, 2006-Ohio-2956, at ¶ 8, citing both ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498,503, and Brumm v. McDonald Company Securities, Inc. (1992),78 Ohio App.3d 96. Moreover, "parties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." Preferred Capital, Inc. v. Power EngineeringGroup, Inc., 112 Ohio St.3d 429, 2007-Ohio-257, at ¶ 10, citing bothHaller v. Borror Corp. (1990), 50 Ohio St.3d 10, and DeCamp v.Hamma (1876), 29 Ohio St. 467; see, also, Estate of Brewer v. Dowell Jones, Cuyahoga App. No. 80563, 2002-Ohio-3440 (discussing the responsibility of a party entering a contract to learn the terms of a contract prior to agreeing to them). However, whether the terms of an arbitration clause were explained to the weaker party is a factor to consider when analyzing procedural unconscionability. See, e.g.,Cronin, supra. *Page 8 
 {¶ 18} Appellant further argues that even if Mrs. Khoury did not receive the booklet containing the arbitration provision, she expressly agreed to the terms of the service agreement, including the arbitration provision, because she signed the declaration page. By this argument, appellant seems to contend that, even if the booklet was not provided to the Khourys at the time of the purchase, the booklet was expressly incorporated into the contract by the declaration page.
 {¶ 19} The declaration page, which was apparently signed by Mrs. Khoury, contains agreement holder information, vehicle information, coverage and agreement purchase price information, and "other provisions." One of the "other provisions" states: "This Declaration Page shall be the basis upon which the Vehicle Service Agreement is issued. Your signature indicates that You have read the information set forth herein and agree that it is true and correct and that You accept the terms and provisions of this Vehicle Service Agreement and agree to be bound by the terms thereof." This language appears to indicate that the declaration page was intended to be attached to the booklet detailing the terms of the warranty. In fact, the first page of the warranty booklet states that the agreement is not valid unless the declaration page is attached to the booklet. Even appellant's reply brief, at 5, states that the "declarations page was the first page of the booklet."
 {¶ 20} Lastly, appellant argues that the trial court erroneously determined that it presented no evidence that the Khourys received a copy of the arbitration clause. We agree. In this case, the trial court refused to enforce the arbitration clause based, at least in part, on its finding that appellant presented no evidence that the Khourys received the booklet containing the arbitration clause. However, contrary to the trial court's decision, *Page 9 
appellant attached to its reply brief in support of its motion the affidavit of Charles Pullins, the President of Denney Motors, which indicates that Mrs. Khoury was provided a copy of the booklet containing the arbitration clause when she purchased the vehicle and warranty. This evidence refuted Mr. Khoury's affidavit, which, as determined above, reasonably indicated that neither he nor his wife was provided with the booklet containing the arbitration provision. Therefore, we conclude that the trial court erroneously failed to consider the affidavit of Mr. Pullins when it assessed the evidence submitted by the parties and reached its finding that appellant presented no evidence that plaintiffs received a copy of the arbitration clause, and its additional, albeit implicit, finding that the buyer was unaware of the arbitration clause. Hence, we further conclude that the trial court's decision to deny appellant's motion to stay proceedings pending arbitration was erroneously based on a factual determination that failed to consider pertinent evidence in the record.
 {¶ 21} Based on the foregoing, we sustain appellant's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
 KLATT and McGRATH, JJ., concur. *Page 1