OPINION
{¶ 1} Defendant-appellant, Bethel Village Condominium Association, Inc., appeals the judgment of the Franklin County Court of Common Pleas, which denied appellant's motions to compel arbitration and to stay court proceedings pending arbitration. *Page 2 
 {¶ 2} In 2005, plaintiff-appellee, Kelley A. Reno, purchased a unit in a condominium development that appellant manages. In 2006, appellant eliminated parking on the street in front of appellee's unit. Thereafter, appellee filed suit in the trial court against appellant to challenge the parking decision. In response, appellant filed motions to compel arbitration and to stay court proceedings pending arbitration because the governing condominium declarations and amendments (hereinafter "declarations") state that a unit owner must arbitrate a dispute with appellant before instituting court proceedings. Appellee objected to the motions and argued that the arbitration provision in the declarations is unconscionable.
 {¶ 3} The trial court concluded that the declarations' arbitration provision is unenforceable as unconscionable and denied appellant's motions. Specifically, the trial court determined that the arbitration provision is procedurally unconscionable because appellee became subject to the provision upon purchasing the condominium unit as a party in a weak bargaining position. As an example, the trial court noted that appellee did not draft the arbitration provision and could not negotiate to omit or modify the provision when purchasing the condominium unit. The trial court also concluded that the arbitration provision is substantively unconscionable because the provision only allows appellant to select the arbitrator and because the provision imposes arbitration costs on the unit owner "without consideration of the outcome of the arbitration."
 {¶ 4} Appellant appeals, raising two assignments of error:
 1. The trial court erred in finding that the arbitration provision should not be enforced because of procedural unconscionability. *Page 3 
 2. The trial court erred in finding that the arbitration provision should not be enforced because of substantive unconscionability.
 {¶ 5} We address appellant's two assignments of error together because they concern similar issues. In these assignments, appellant argues that the trial court erroneously concluded that the arbitration provision is unconscionable. On these grounds, appellant asserts that the court improperly denied its motions to compel arbitration and to stay court proceedings pending arbitration.
 {¶ 6} Overall, we apply de novo review to a trial court's legal determination on whether an arbitration provision is unconscionable, but we accord deference to the trial court's factual findings. Taylor Bldg.Corp. of Am. v. Benfield, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 2, 34. A party raising the issue of unconscionability must demonstrate both procedural and substantive unconscionability. Id. at ¶ 33; WilliamsCreek Homeowners Assn. v. Zweifel, Franklin App. No. 07AP-689,2008-Ohio-2434, ¶ 42, 49.
 {¶ 7} Procedural unconscionability pertains to circumstances surrounding the parties' bargaining on an agreement, such as the parties' age, education, intelligence, business acumen, and experience.Taylor Bldg. at ¶ 43. Procedural unconscionability also concerns who drafted the agreement, "`whether alterations in the printed terms were possible,'" and whether there were "`alternative sources of supply'" for the items subject to the agreement. Id. at ¶ 43, quoting Collins v.Click Camera Video, Inc. (1993), 86 Ohio App.3d 826, 834. In addition, procedural unconscionability involves consideration of the following factors: "`[B]elief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits *Page 4 
from the contract; [and] knowledge of the stronger party that the weaker party is unable reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement.'" Taylor Bldg. at ¶ 43, quoting Restatement of the Law 2d, Contracts (1981), Section 208, Comment d.
 {¶ 8} Here, we begin with substantive unconscionability. In determining substantive unconscionability, we consider the terms of the agreement and "whether they are commercially reasonable." Khoury v.Denney Motors Assoc, Inc., Franklin App. No. 06AP-1024, 2007-Ohio-5791, ¶ 12. We consider "the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." Id., citing Cronin v.California Fitness, Franklin App. No. 04AP-1121, 2005-Ohio-3273, citingCollins.
 {¶ 9} An arbitration provision that compels one party to arbitrate, while leaving the other party free to pursue additional remedies, fails to support a claim of substantive unconscionability. Under Ohio law, mutuality is not a requirement of a valid arbitration clause if consideration supports the underlying contract. Taylor Bldg. at ¶ 65. See, also, Fazio v. Lehman Bros. (C.A.6, 2003), 340 F.3d 386, 397, citing Joseph v. M.B.N.A. Am. Bank, N.A., 148 Ohio App.3d 660,2002-Ohio-4090, ¶ 16. Neither party here disputes that consideration supports the underlying contract at issue.
 {¶ 10} Some Ohio case law suggests that a provision allowing one party alone to appoint the arbitrator does not demonstrate substantive unconscionability, absent evidence of a direct connection or substantial nexus between the arbitrator and either the party or a related non-party. See Furtado v. Hearthstone Condominium Assn. (May 19, 1987), Franklin App. No. 86AP-1003. And other case law suggests that a *Page 5 
party may challenge an arbitrator's alleged bias prior to arbitration.Morris v. Vinray Gen. Contrs. (Jan. 7, 1998), Summit App. No. 18435. Both of these elements are present here.
 {¶ 11} Given the specific, and apparently unique, facts of this case, we conclude that the arbitration clause at issue here is not substantively unconscionable. First, the provision specifies that the arbitrator must be independent, a term defined as "not subject to control by others * * * not affiliated with a larger controlling unit." Webster's Collegiate Dictionary (11th Ed. 2003) 633. See, also, Dictionary.com Unabridged (v 1.1) Based on the Random House Unabridged Dictionary (2006) (defining "independent" as "not subject to another's authority or jurisdiction; autonomous; free"). Appellant conceded in its brief that if appellee felt the arbitrator was not independent, she had a remedy in R.C. Chapter 2711, which allows her to request, before arbitration, that the court remove the arbitrator and appoint a new one. See R.C. 2711.04 (allowing request for appointment "if a method [of naming or appointing an arbitrator] is provided and any party thereto fails to avail himself of such method"). See, also,Morris (holding that "a party may object to an arbitrator based on the arbitrator's alleged bias prior to arbitration"). Appellant also conceded that appellee may challenge an award under R.C. 2711.10(B), which allows a common pleas court to vacate an award if there is evidence of "partiality" by an arbitrator. We conclude that these concessions cure any claim of substantive unconscionability.
 {¶ 12} In addition, with the first clause being mitigated through appellee's ability to challenge it in court, the remaining clause requiring only appellee to arbitrate falls under the noted decisions that determine the lack of mutuality alone does not support a *Page 6 
finding of substantive unconscionability. Accordingly, we conclude that the arbitration agreement is not substantively unconscionable, and we sustain appellant's second assignment of error.
 {¶ 13} Because appellee is unable to demonstrate substantive unconscionability, we need not address the issue whether the agreement is procedurally unconscionable. Accordingly, we overrule appellant's first assignment of error as moot.
 {¶ 14} In summary, we overrule appellant's first assignment of error as moot, and we sustain its second assignment of error. On these grounds, we reverse the judgment of the Franklin County Court of Common Pleas. We remand this cause to that court for further proceedings consistent with this opinion and law.
Judgment reversed and cause remanded.
BRYANT, J., concurs.
TYACK, J., dissents.