JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, J. Holden Construction Company, Ltd. ("J. Holden"), appeals the trial court's denial of its motion to stay the proceedings pending mediation and arbitration. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 3} Defendant, Mental Health Services for Homeless Persons, Inc. ("MHS"), contracted with J. Holden to perform construction work on its property located on Payne Avenue in Cleveland, Ohio (the "Project"). On February 21, 2006, J. Holden, as general contractor, entered into a written subcontract (the "Subcontract") with plaintiff-appellee, Acme Arsena Company, Inc. ("Acme"), wherein Acme agreed to furnish all labor and material necessary to complete all rough carpentry work, all necessary backing work, metal stud work, cold metal framing work, all insulation, all drywall work and all acoustical ceiling work on the project.
 {¶ 4} On November 8, 2007, Acme instituted the instant action against J. Holden and MHS alleging breach of contract and a claim of quantum merit because Acme maintained it was entitled to $73,382.20 for work performed pursuant to the Subcontract and $39,262.20 for additional work.
 {¶ 5} On December 17, 2007, MHS filed its answer. Thereafter, on January 18, 2008, J. Holden filed an answer and statement regarding counterclaims. Simultaneously, J. Holden filed a motion to stay proceedings pending mediation and *Page 4 
arbitration. On April 16, 2008, the trial court denied J. Holden's motion to stay proceedings.
 {¶ 6} J. Holden now timely appeals and asserts one assignment of error for our review. Its sole assignment of error states:
 {¶ 7} "The trial court committed reversible error by not staying the proceedings and ordering the parties to arbitration when there was an agreement between the parties to arbitrate the issues in dispute."
 {¶ 8} Within this assignment of error, J. Holden maintains that the trial court erred in failing to stay the case because the Subcontract between it and Acme incorporates documents that contain mandatory and binding mediation and arbitration provisions for any claim arising out of or related to the Subcontract.
 {¶ 9} We review the granting or denial of a motion to stay proceedings under an abuse of discretion standard. Coble v. Toyota, Cuyahoga App. No. 83089, 2004-Ohio-238; Sikes v. Ganley Pontiac Honda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155; Cronin v. Cal. Fitness, Franklin App. No. 04AP-1121, 2005-Ohio-3273; Carter Steel Fabricating Co. v. Danis Bldg.Constr. Co. (1998), 126 Ohio App.3d 251, 254-255, 710 N.E.2d 299;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410,701 N.E.2d 1040. An abuse of discretion is more than an error of judgment but, instead, demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," or an arbitrary, unreasonable, or unconscionable attitude. Cronin, supra, citing Pons v. Ohio State Med.Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122, *Page 5 614 N.E.2d 748 and Schafer v. Schafer (1996), 115 Ohio App.3d 639, 642,685 N.E.2d 1302.
 {¶ 10} Before addressing the merits of this appeal, we recognize that alternative dispute resolutions ("ADR") are a favored practice of both Ohio and federal courts and that there is a strong presumption in favor of avenues other than lengthy litigation to settle disputes between parties. See ABM Farms, Inc. v. Woods, 81 Ohio St.3d 498, 500,1998-Ohio-612, 692 N.E.2d 574; David Wishnosky v. Star Lite Bldg. Dev.Co. (Sept. 7, 2000), Cuyahoga App. No. 77245.
 {¶ 11} In the instant matter, we find that the trial court erred in failing to stay the proceedings pending mediation and arbitration. More specifically, we find that mandatory and binding ADR provisions were incorporated into the Subcontract. While the Subcontract itself does not contain any ADR provisions, the Subcontract does expressly incorporate two other documents which are attached to the contract. The Subcontract states in relevant part:
 {¶ 12} "1. Contract Documents. The Contract Documents consist of this Contract, the attached General Conditions and Specifications identified below, and all addenda issued prior to and all modifications issued after execution of this Contract (collectively the `Contract Documents'). * * *"
 {¶ 13} The trial court erroneously concluded that the "General Conditions and Specifications" documents referred to in Section 1 is actually only one document, the document entitled "Specifications for Construction Contract between J. Holden Construction Company, Ltd. and Acme Arsena Company, Inc." Relying on this *Page 6 
finding, the trial court concluded that Section 24 of that document, located on page 12, governed the determination of whether ADR mechanisms were part of the contract. Accordingly, because that section made no mention of mediation or arbitration, nor was there any reference to the AIA Document, A201, the Subcontract did not incorporate any ADR clauses.
 {¶ 14} We find the trial court's conclusion mistaken. Our review of the Subcontract indicates that Section 1 actually incorporates, not one, but two documents: one titled "General Conditions" and one titled "Specifications." Attached to the Subcontract, and immediately following it, is a document designated as "Specifications for Construction Contract between J. Holden Construction Company, Ltd. and Acme Arsena Company, Inc." Also attached to the Subcontract is a document with the title of "General Conditions." The body of this document provides the following:
 {¶ 15} "PART 1 — GENERAL
 {¶ 16} "1.01 PRINTED AIA DOCUMENT
 {¶ 17} "A. The `General Conditions of the Contract of Construction,' AIA Document A201, Fourteenth Edition, 1987, published by the American Institute of Architects, is hereby made a part of the Documents to the same extent as if herein written out in full. The General Conditions contained therein shall govern the performance of the Contract.
 {¶ 18} "B. One (1) copy of AIA Document A201 shall be kept at the Project site by the Contractor. *Page 7 
 {¶ 19} "C. Certain Articles of the AIA General Conditions have been modified, as indicated in the Supplementary Conditions and subsequent documents."
 {¶ 20} Finally, modified portions of the AIA A-201 General Conditions were also attached to the Subcontract. Listed within two of the modified sections, Sections 4.5 and 4.6, were specific procedures, including mandatory and binding mediation and arbitration provisions, to follow should any claims occur that arise out of or are related to the underlying contract documents.
 {¶ 21} There is no dispute that Acme and J. Holden both signed the Subcontract and agreed to abide by its terms. Therefore, we find that the Subcontract includes an agreement between Acme and J. Holden to mediate or arbitrate any matters related to the Subcontract. Consequently, we find that the trial court erred in denying J. Holden's motion to stay proceedings pending mediation and arbitration. J. Holden's sole assignment of error is sustained and the case is reversed and remanded for proceedings consistent with this opinion. It is, therefore, considered that said appellants recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR *Page 1