DECISION AND JUDGMENT ENTRY
{¶ 1} Miranda Redmond appeals the judgments of the Lawrence County Court of Common Pleas granting the motions of defendants Big Sandy Furniture, Inc. ("Big Sandy") and Brian S. Chinn to compel arbitration and staying the proceedings pending final and binding arbitration. Redmond raises six assignments of error challenging the trial court's judgments staying its proceedings and compelling arbitration with respect to *Page 2 
Redmond's claims against Big Sandy and Chinn. Because we find that: (1) this action involves multiple parties; (2) the judgments appealed dispose of fewer than all of the parties; and (3) the judgments appealed do not include an express determination that there is "no just reason for delay;" we conclude that the judgments Redmond appeals are not final and appealable. Therefore, we lack the requisite jurisdiction to consider the merits of Redmond's assignments of error. Accordingly, we dismiss Redmond's appeals.
 I. {¶ 2} In her complaint, Redmond alleged that during her employment with Big Sandy, her supervisors, Chinn and Cook, engaged in a pattern of conduct that constituted unlawful sexual harassment. She alleged that their actions constituted quid pro quo harassment because defendant Chinn suggested that her career at Big Sandy would progress farther and faster if she gave into his sexual advances, and further rendered her employment environment hostile. Despite her protests to Chinn and Cook, and her complaints to other Big Sandy management employees, Redmond claimed that the harassment continued.
 {¶ 3} In addition to her claims for hostile work environment and quid pro quo sexual harassment, Redmond alleged the following causes of action: (1) negligent hiring and retention of Chinn and Cook against Big Sandy; (2) intentional infliction of emotional distress; (3) wrongful discharge; (4) assault and battery; (5) libel and defamation; and (6) false imputation of crime; (7) abuse of process and malicious prosecution. Because she alleged that the defendants' conduct was intentional, grossly *Page 3 
reckless, willful, wanton, oppressive, and malicious, Redmond sought punitive damages. She also sought to hold Big Sandy vicariously liable for the actions of Chinn and Cook under the doctrine of respondeat superior, because she claimed their actions were committed while they acted in the scope of their employment.
 {¶ 4} Brian Chinn received service of process via certified mail on October 1, 2005. Big Sandy received service of process via certified mail on October 3, 2005. The postal service returned the certified letter addressed to Cook unserved on November 10, 2005. The record does not reveal any additional efforts to serve Cook.
 {¶ 5} Both Big Sandy and Chinn moved the court for orders staying the proceedings and compelling arbitration of Redmond's claims. In their motions, Big Sandy and Chinn asserted that, in applying for employment with Big Sandy, and during the course of her employment, Redmond signed several notices and/or acknowledgments in which she agreed to resolve any and all disputes arising out of her employment through Big Sandy's Dispute Resolution Plan. Each of the notices and acknowledgments Redmond executed indicated that the Dispute Resolution Plan included binding arbitration as a final step.
 {¶ 6} Redmond opposed Big Sandy's motion, arguing that the arbitration agreement is unenforceable because: (1) it is illusory and lacks mutuality of obligation and consideration since Big Sandy retained the exclusive right to terminate the agreement at will; (2) it does not provide a fair and impartial forum in which she can vindicate her statutory rights; (3) it is unconscionable as she did not knowingly and voluntarily waive her constitutional right to a fair trial, and because the cost provisions of *Page 4 
the agreement effectively deter employees from enforcing their rights; and (4) some of her claims (e.g. her claim for malicious criminal prosecution), fall outside the scope of the alleged agreement.
 {¶ 7} The trial court conducted a hearing upon Big Sandy's motion to stay the proceedings and compel arbitration on February 1, 2006. At that hearing, the court heard arguments from Big Sandy and Chinn in support of their respective motions, although it does not appear from the record that Chinn's motion was ever set for hearing. Redmond also presented her arguments opposing the motions. Redmond later filed a memorandum in opposition to Chinn's motion, in which she asserted the same arguments she made in response to Big Sandy's motion. Additionally, Redmond asserted that Chinn could not compel arbitration of her claims against him because no contract existed between herself and Chinn that would entitle him to compel arbitration.
 {¶ 8} On March 13, 2006, the trial court issued a judgment entry granting Big Sandy's motion to stay the proceedings and compel arbitration. Redmond timely appeals that judgment in Case No. 06CA15.
 {¶ 9} After the trial court issued its entry granting Big Sandy's motion, Chinn filed a motion requesting the court to adopt an attached entry granting his motion to stay the proceedings and compel arbitration. Chinn later filed a supplemental memorandum in support of his motion to stay the proceedings and compel arbitration. On April 12, 2006, the trial court issued a judgment entry granting Chinn's motion to stay the proceedings and compel arbitration. Redmond timely appeals that judgment in Case. No. 06CA19. *Page 5 
 {¶ 10} After a pre-hearing conference, at which the parties agreed that consolidation was appropriate, we consolidated these related cases.
 {¶ 11} Redmond now raises the following assignments of error: I. "The Trial Court erred when it ruled that compelled arbitration was mandated in this case." II. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement at issue was unenforceable because it was illusory and lacked mutuality of obligation." III. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because it failed to ensure neutrality in the selection of arbitrators." IV. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because it was unconscionable." V. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because the cost provisions deny plaintiffs a forum in which to vindicate their rights." VI. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable as to certain claims because they fell outside the scope of the agreement."
 II. {¶ 12} Before we may consider the merits of Redmond's assignments of error, we must first determine whether the judgments she appeals constitute final appealable orders. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then we *Page 6 
have no jurisdiction to review the matter and must dismiss it. SeeGeneral Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20; Noble v. Colwell (1989), 44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186.
 {¶ 13} Generally, the determination of whether a judgment is final and appealable involves a two-step process. First, the judgment or order must be final under R.C. 2505.02, which provides that a final order or judgment is one that affects a substantial right and, in effect, determines the action, or an order that affects a substantial right made in a special proceeding. R.C. 2505.02(B)(1) (2). Additionally, when an action includes multiple claims or parties, Civ.R. 54(B) provides that an order disposing of fewer than all of the claims or rights and liabilities of fewer than all of the parties remains interlocutory unless the order contains an express determination that there is "no just reason for delay." Noble v. Colwell (1989), 44 Ohio St.3d 92, 96;Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, syllabus.
 {¶ 14} In Gen. Elec. Supply Co. v. Warden Elec, Inc. (1988),38 Ohio St.3d 378, syllabus, the Ohio Supreme Court held that an order of a trial court denying a stay of litigation pending arbitration was not a final, appealable order pursuant to R.C. 2505.02 when it did not, in effect, determine the action and prevent a judgment. The legislature subsequently amended R.C. 2711.02 to provide, in relevant part: "Except as provided in division (D) of this section, an order under division (B) of this section that grants or *Page 7 
denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C). Thus, R.C. 2711.02(C) provides that an order staying the trial of an action pending arbitration is final and appealable, even though it is not a final appealable order under R.C.2505.02.
 {¶ 15} While R.C. 2711.02(C) satisfies the first step in the determination of whether a judgment constitutes a final appealable order, it does not address the second step of that process, namely the application of Civ.R. 54(B) where multiple claims or parties exist. Section 5(B), Article IV, of the Ohio Constitution, provides in part that, "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." The Ohio Supreme Court has stated that: "[t]his constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law." Morgan v. W. Elec. Co.,Inc. (1982), 69 Ohio St.2d 278, 281. (Citations omitted.) The Court has further recognized that "the effect of Civ.R. 54(B) is purely procedural[,]" noting that while the rule "permits both the separation of claims for purposes of appeal and the early appeal *Page 8 
of such claims, within the discretion of the trial court, * * * it does not affect either the substantive right to appeal or the merits of the claim. Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court under Section 5, Article IV of the Ohio Constitution." Alexander v. Buckeye Pipe Line Co. (1977),49 Ohio St.2d 158, 159-160. Thus, we conclude that, despite the provision of R.C. 2711.02(C), declaring that an order that grants or denies a stay of a trial of any action pending arbitration is a final order reviewable by this court, such an order must still comply with the requirements of Civ.R. 54(B) in order to constitute a final appealable order. See, also,Simonetta v. A M Bldrs., Inc. (Oct. 7, 1999), Cuyahoga App. No. 74622; but, c.f., Stewart v. Shearson Lehman Brothers, Inc. (1992),71 Ohio App.3d 305, 306 (holding Civ.R. 54(B) inapplicable where R.C. 2711.02
makes a judgment entry final).
 {¶ 16} The Eighth District Court of Appeals addressed the applicability of Civ.R. 54(B) to an order denying a motion to compel arbitration in Simonetta v. A M Bldrs., Inc. (Oct. 7, 1999), Cuyahoga App. No. 74622. There, the trial court issued an order denying a motion to compel arbitration in a multiple party case, which did not include the Civ.R. 54(B) "no just reason for delay" language. The court later reversed that order and permitted arbitration of the claim against one defendant. The plaintiffs appealed, arguing that the first order, denying the motion to compel arbitration, constituted a final appealable order. Therefore, they claimed the trial court lacked subject matter jurisdiction to modify its previous order. The Eighth District held that, while the provisions of R.C. 2711.02 would control if there had not been multiple parties to the *Page 9 
action, because the Civil Rules supersede statutes on procedural matters, Civ.R. 54(B) applied. Therefore, the trial court's original order denying the motion to compel arbitration remained interlocutory.
 {¶ 17} Here, in the judgments Redmond appeals, the trial court stayed its proceedings and compelled Redmond to arbitrate her dispute with Big Sandy and Chinn. However, neither of those entries, nor any other entry in the record, disposes of Redmond's claims as they relate to Cook. Although Redmond failed to obtain service of process upon Cook before the court ruled upon the motions to stay the proceedings and compel arbitration, we note that the one-year time for obtaining service of process upon Cook had not yet expired when the trial court issued judgments Redmond now appeals. See Civ.R. 3(A).[2] Therefore, we conclude that the action involves multiple parties and Civ.R. 54(B) applies. See, e.g., Colelli Associates, Inc. v. Cincinnati Ins.Co., Tuscarawas App. No. 2002 AP 03 0015, 2002-Ohio-4840; Johnson v.Lenox Inn (Aug. 18, 1993), Fairfield App. No. 14-CA-93 (holding an order granting summary judgment to named defendants that does not contain "no just reason for delay" language is not a final appealable order when service has not been perfected upon "John Doe" defendants in accordance with Civ.R. 3(A) and Civ.R. 15(D)). But, c.f., Zivich v. Mentor SoccerClub, Inc. (Apr. 18, 1997), Lake App. No. 95-L-184 (holding such an order constitutes a final appealable order even in the absence of "no just reason for delay" language). *Page 10 
 {¶ 18} Because the judgments appealed do not dispose of Redmond's claims against Cook, and because they lack the requisite determination that there is "no just reason for delay[,]" we conclude that they do not constitute final appealable orders. Noble and Jarrett, supra. Therefore, we lack the requisite jurisdiction to consider the merits of Redmond's assignments of error. General Acc. Ins. Co., supra. Accordingly, we dismiss Redmond's appeals. APPEALS DISMISSED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the APPEALS BE DISMISSED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion.
[2] We note that Civ.R. 4(E) permits a court to sua sponte dismiss a defendant without prejudice if service is not obtained within six months of the filing of the complaint, provided that the court first gives notice to the party who failed to obtain such service and the party cannot show good cause for her failure to make such service. *Page 1