DECISION AND JUDGMENT ENTRY
{¶ 1} JDG Home Inspection, Inc., d/b/a the HomeTeam Inspection Service, and Tim Gambill (collectively "JDG") appeal the judgment of the Scioto County Court of Common Pleas in favor of Timothy and Janeen Mynes. The court granted the Mynes' Civ. R. 60(B) motion for relief from the court's earlier judgment granting JDG's motion for stay pending arbitration. On appeal, JDG raises one assignment of error. However, because we find that: (1) this action involves multiple parties; (2) the judgment from which relief from judgment was sought disposed of fewer than all of the parties; and (3) the judgment from which relief was sought failed to include an express determination that there is "no just reason for delay;" we conclude that the order JDG appeals is not *Page 2 
final and appealable. Therefore, we lack the requisite jurisdiction to consider the merits of JDG's arguments. Accordingly, we dismiss this appeal for lack of jurisdiction.
 I. {¶ 2} The Mynes contracted to purchase a home in Portsmouth. Before the closing, the Mynes contracted with JDG to perform a general home inspection. The agreement between JDG and the Mynes specifically states that:
 Any controversy or claim arising out of or related to this Agreement, its breach, or the Report must be settled by binding arbitration in accordance with the rules of the American Arbitration Association, and judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction.
 {¶ 3} The Mynes filed a complaint against Otis and Judy Brooks ("Brooks"), Fort Hills Estate, Inc. ("Fort Hills"), John Estep, d/b/a John R. Estep Realty ("Estep"), The HomeTeam Inspection Service, d/b/a JDG Home Inspections, Inc., Tim Gambill, John Doe defendants and Carl Webster. Webster was later dismissed from the case. The complaint asserted claims of breach of fiduciary duties, failure to disclose, negligence, and respondeat superior against JDG. The complaint also asserted a number of other causes of action against the other defendants.
 {¶ 4} JDG moved to stay the claims against them pending arbitration. The motion represented that the "requested stay does not affect [Mynes'] claims against the other defendants, and such can continue in the ordinary course." The court entered an agreed order granting JDG's motion requesting stay pending arbitration.
 {¶ 5} The Mynes filed a Civ. R. 60(B) motion for relief from judgment and a motion for leave to file memoranda contra JDG's motion for stay pending arbitration. The court *Page 3 
granted the Mynes' Civ. R. 60(B) motion and ordered JDG to participate in the lawsuit.
 {¶ 6} JDG appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT: 1) CONSIDERED AND THEN, WITHOUT A HEARING, GRANTED [MYNES'] CIVIL RULE 60(B) MOTION FOR RELIEF FROM THE AGREED TRIAL COURT ORDER OF SEPTEMBER 5, 2006, AND 2) WITHOUT ANY DISCOVERY, FULL BRIEFING, OR A HEARING, SUA SPONTE, DENIED [JDG'S] MOTION TO STAY CLAIMS PENDING ARBITRATION."
 II. {¶ 7} Initially, we address the threshold issue of whether JDG appealed a final, appealable order.
 {¶ 8} Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25, 2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV
of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N.America (1989), 44 Ohio St.3d 17; Noble v. Colwell (1989),44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41, 2004-Ohio-2026, ¶ 6, citing Ft. FryeTeachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993),87 Ohio App.3d 840, 843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citingWhitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
 {¶ 9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right *Page 4 
in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306.
 {¶ 10} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ. R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs,Inc. (1992), 80 Ohio App.3d 756, 758. Further, a judgment contemplating further action by the court is not a final appealable order.Nationwide Assur. Inc, v. Thompson, Scioto App. No. 04CA2960,2005-Ohio-2339, ¶ 8, citing Bell v. Horton, 142 Ohio App.3d 694, 696,2001-Ohio-2593.
 {¶ 11} A trial court's decision regarding a proper Civ. R. 60(B) motion is final and appealable. See GTE Automatic Electric v. ARCIndustries (1985), 47 Ohio St.2d 146. "However, a Civ. R. 60(B) motion is proper only with respect to final judgments." Fleenor v. Caudill, Scioto App. No. 03CA2886, 2003-Ohio-6513, ¶ 13, citing Vanest v. PillsburyCo. (1997), 124 Ohio App.3d 525, 532; see, also, Civ. R. 60(B) ("[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *.") (emphasis added); Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 78. "Thus, logically, `Civ. R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order.'" Id., citing Vanest, supra. *Page 5 
 {¶ 12} Where the judgment from which relief is sought is not a final appealable order, "then the motion is properly construed as a motion to reconsider and the court's order granting that motion is interlocutory." Id. at ¶ 13, citing Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378; Vanest supra; Wolford v. Newark City School Dist. Bd. ofEdn. (1991), 73 Ohio App.3d 218; Pinson v. Triplett (1983),9 Ohio App.3d 46; see, also, State v. Huff (Jan. 31, 1994), Scioto App. No. 2118 (Stephenson, J., concurring) ("[W]hen an order is not a final appealable order, the order declining to vacate that order is not a final appealable order"). "Interlocutory orders are not appealable until the trial court renders a final judgment." Id., citing Vanest, supra.
 {¶ 13} Thus, we must first determine if the trial court's order granting a stay of proceedings against JDG pending arbitration was a final order.
 {¶ 14} R.C. 2711.02 provides, in relevant part, "Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C). This court has concluded that "R.C. 2711.02(C) provides that an order staying the trial of an action pending arbitration is final and appealable, even though it is not a final appealable order under R.C. 2505.02." Redmond v. BigSandy Furniture, Inc., Lawrence App. No. 06CA15 06CA19,2007-Ohio-1024, ¶ 14.
 {¶ 15} However, "[w]hile R.C. 2711.02(C) satisfies the first step in the determination *Page 6 
of whether a judgment constitutes a final appealable order, it does not address the second step of that process, namely the application of Civ. R. 54(B) where multiple claims or parties exist." Id. at ¶ 15. Section 5(B), Article IV, of the Ohio Constitution, provides in part that, "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."
 {¶ 16} The Supreme Court of Ohio has stated that: "[t]his constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law." Morgan v. W. Elec. Co.,Inc. (1982), 69 Ohio St.2d 278, 281. (Citations omitted.) The Court has further recognized that "the effect of Civ. R. 54(B) is purely procedural[,]" noting that while the rule "permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court, * * * it does not affect either the substantive right to appeal or the merits of the claim. Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court under Section 5, Article IV of the Ohio Constitution." Alexander v. Buckeye Pipe Line Co. (1977),49 Ohio St.2d 158, 159-160.
 {¶ 17} Thus, "despite the provision of R.C. 2711.02(C), declaring that an order that grants or denies a stay of a trial of any action pending arbitration is a final order reviewable by this court, such an order must still comply with the requirements of Civ. R. 54(B) in order to constitute a final appealable order." Redmond at ¶ 15, citingSimonetta *Page 7 v. AM Bldrs., Inc. (Oct. 7, 1999), Cuyahoga App. No. 74622; but, c.f.,Stewart v. Shearson Lehman Brothers, Inc. (1992), 71 Ohio App.3d 305,306 (holding Civ. R. 54(B) inapplicable where R.C. 2711.02 makes a judgment entry final). As a result, orders granting or denying a stay of trial pending arbitration are not final, appealable orders if the action involves multiple parties and claims remain pending against other parties to the suit. Id. at ¶¶ 17-18.
 {¶ 18} Here, following the trial court's order granting a stay of proceedings against JDG pending arbitration, claims remained pending against a number of other parties. The court's order failed to include any Civ. R. 54(B) language. As such, pursuant to this court's holding inRedmond, it was not a final, appealable order. See, also,Simonetta, supra. The Mynes Civ. R. 60(B) motion for relief from the order, therefore, was simply a request for reconsideration of the order. The trial court's grant of the Mynes' motion for reconsideration was interlocutory. See Fleenor, supra.
 {¶ 19} Further, JDG contends that the court's grant of Mynes motion for "relief," sua sponte, also acted as a denial of their initial motion for stay pending arbitration. Nevertheless, following such denial, claims remained pending against various other defendants, and the court's order did not contain Civ. R. 54(B) language. As a result, the court's ultimate "denial" of JDG's motion for stay pending arbitration also was not a final appealable order pursuant to Redmond.
 {¶ 20} Finally, JDG requests this court to reconsider its holding inRedmond. We decline to do so.
 {¶ 21} Accordingly, we dismiss this appeal for lack of jurisdiction. *Page 8 
 APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that costs herein be taxed to the appellants.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Harsha, J.: Not Participating. *Page 1