[Cite as *Duncan v. Wheeler*, 2010-Ohio-4836.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

JAMES H. DUNCAN, D.O., et al.,

    Plaintiffs-Appellees,

    vs.

TIMOTHY M. WHEELER, M.D. et al.,

    Defendants-Appellants.

:

:      Case No. 09CA3296

:

:

:      DECISION AND JUDGMENT ENTRY

:

_____

APPEARANCES:

COUNSEL FOR APPELLANTS: Felix J. Gora, Jonathan P. Saxton, James J. Englert and Ann K. Schooley, Rendigs, Fry, Kiely & Dennis, LLP, 1 West Fourth Street, Ste. 900, Cincinnati, Ohio 45202

COUNSEL FOR APPELLEES: Michael R. Szolosi, Sr., McNamara & McNamara, LLP, 88 East Broad Street, Ste. 1250, Columbus, Ohio 43215, and Michael R. Szolosi, Jr., 2615 Andover Road, Upper Arlington, Ohio 43221, and Daniel P. Ruggiero, Ruggiero & Haas, 600 National City Bank, 800 Gallia Street, P.O. Box 150, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-29-10

ABELE, J.

{¶ 1}  This is an appeal from a Scioto County Common Pleas Court judgment that denied a motion to stay proceedings pending the arbitration of several claims.

Timothy M. Wheeler, M.D., John B. Tudor, Kenneth D. Boggs and Portsmouth

Ambulance, Inc. (PAI), defendants below and appellants herein, assign the following

error for review:

> "THE TRIAL COURT ERRED TO THE PREJUDICE OF
> DEFENDANTS-APPELLANTS IN OVERRULING THEIR
> MOTION TO STAY PROCEEDINGS PENDING
> ARBITRATION AND TO COMPEL ARBITRATION."

**{¶ 2}** Appellees are minority shareholders in PAI.   The corporate shareholders

are also signatories to a certain "Stock Redemption and Shareholder Agreement" (the

shareholder agreement) that provides in Article XXII:

> "Subject to the provisions of Article XX, in the event that any
> controversy or claim arising out of this Agreement cannot be
> settled by the Parties, the controversy or claim shall be
> settled by arbitration in the City of Ashland, County of Boyd,
> State of Kentucky in accordance with the rules of the
> American Arbitration Association then in effect, and
> judgment on the award may be entered in a court having
> jurisdiction thereof. ***"

**{¶ 3}** On April 8, 2009, appellees filed a complaint and alleged that the

controlling shareholders, Timothy M. Wheeler and John B. Tudor, committed corporate

mismanagement.   Some allegations focused on the manner by which appellant,

Kenneth Boggs, was brought in as a PAI investor.   Other allegations focused on claims

that (1) Wheeler, Tudor and Boggs used corporate assets for personal benefit, and (2)

appellees were excluded from viewing corporate financial records.   Appellees

demanded, inter alia, an accounting of the corporate assets and compensatory

damages.

**{¶ 4}** On April 20, 2009, appellants Boggs and PAI filed a motion to stay court

proceedings and to compel arbitration.   The motion was based on the above noted

shareholder agreement provision.   The parties thereafter filed various memoranda with

the trial court.   The trial court denied the motion and reasoned that not every dispute is

arbitrable under the "stock redemption shareholder agreement" and that the "significant

and repeated wrongdoing" the controlling shareholders allegedly committed fell outside

its parameters.   This appeal followed.[1]

{¶ 5}   In their sole assignment of error, appellants assert that the trial court erred

by denying their motion to stay proceedings pending the outcome of arbitration.   Our

analysis begins with a recitation of the proper standard of review.   First, shareholder

agreements are contracts, and the ordinary rules of contract law apply.   Miller, on

behalf of Miller v. McCann (Dec. 26, 1997), Hamilton App. No. C-970035   Second,

appellate courts employ a de novo standard when reviewing a trial court's interpretation

of contract provisions, including arbitration provisions.   Aftermath, Inc. v. Buffington,

Franklin App. No. 09AP-410, 2010-Ohio-19, at ¶4; Gates v. Ohio Savings Assn.,

Geauga App. No. 2009-G-2881, 2009-Ohio-6230, at ¶¶18&21; Murray v. David Moore

Builders, Inc., 177 Ohio App.3d 62, 893 N.E.2d 897, 2008-Ohio-2960, at ¶7; Carew v.

Seeley, Hamilton App. No. C-050073, 2005-Ohio-5721, at ¶12.   Thus, appellate courts

---

[1] The Ohio Supreme Court recently held that an order staying court proceedings pending arbitration, under R.C. 2711.02(C), need not comply with Civ.R. 54(B) and, therefore, the order appealed herein is final notwithstanding the existence of pending claims and the absence of a "no just reason for delay" finding. See Mynes v. Brooks, 124 Ohio St.3d 13, 918 N.E.2d 511, 2009-Ohio-5946.   The Court's ruling overturned a line of precedent that would have otherwise required the dismissal of this case for the lack of a final appealable order. See Mynes v. Brooks, Scioto App. No. 07CA3185, 2008-Ohio-5613, at ¶17; Redmond v. Big Sandy Furniture, Inc., Lawrence App. Nos. 06CA15 & 06CA19, 2007-Ohio-1024, at ¶17; Simonetta v. A & M Bldrs., Inc. (Oct. 7, 1999), Cuyahoga App. No. 74622.

afford no deference to trial court decisions and must conduct an independent review of the shareholder agreement.    See e.g. Wells Fargo Bank, N.A. v. Stovall, Cuyahoga App. No. 91802, 2010-Ohio-236, at ¶11; Chapman v. S. Pointe Hosp., Cuyahoga App. No. 92610, 2010-Ohio-152, at ¶9.

{¶ 6}   In the case sub judice, we agree with the trial court's conclusion.   We do not believe that the shareholder agreement purports to cover "every dispute between the parties."   Rather, the pertinent provision (Article XXII) states that it applies to controversies or claims "arising out of" that agreement.   Thus, the issue in this case is whether the appellees' claims "arise out of" the shareholder agreement.

{¶ 7}   Ohio courts have interpreted the phrase "arise out of" to mean "flowing from" or "having its origins in." See e.g. Stickovich v. Cleveland (2001), 143 Ohio App.3d 13, 37, 757 N.E.2d 50; Smith v. Ohio Bar Liab. Ins. Co., Summit App. No. 24424, 2009-Ohio-6619, at ¶18.   Do appellees' claims "flow from" or have "origins in" the shareholder agreement?   We think not.

{¶ 8}   As appellants concede in their brief, appellees claims involve common law breach of fiduciary duty and statutory rights of access to corporate records.   What appellants fail to do, however, is explain how those claims arise out of the shareholder agreement.   Indeed, they do not point to a specific part of the agreement that covers the claims.

{¶ 9}   The preamble to the shareholders agreement states that the contract is intended to accomplish the following:

> ". . . establish certain terms and conditions upon which the
> [s]hares can be transferred and to provide for certain

arrangements with respect to the management of the [c]orporation and desire to enter into this Agreement in order to effectuate those purposes and to set forth <u>certain</u> respective rights and obligations in connection with their respective investments in the [c]orporation."

The first part of this preamble (regarding stock transfers) is not implicated. The second part of the preamble (regarding management of the corporation) suggests that it might be applicable, except that the explicit language limits it to only "certain" management arrangements and "certain" rights and obligations within PAI. The agreement, therefore, does not cover all arrangements or all rights and obligations, but only certain aspects. Moreover, none of the twenty-nine articles in the shareholder agreement correspond with the claims in appellees' complaint.

{¶ 10} Appellants, however, offer a variety of theories concerning the language in the shareholder agreement. First, they point to the Ohio Supreme Court's public policy of favoring the arbitration of disputes. We fully agree that arbitration is an important policy, but we do not believe that the Ohio Supreme Court advocates the judicial re-writing of contracts to expand arbitration clauses beyond their original intent.

{¶ 11} Appellants also argue that any doubt as to whether a claim is arbitrable should be resolved in favor of arbitration. Again, although we fully agree with this proposition, in the instant case we find no doubt on the issue of arbitrability. The shareholder agreement calls for the arbitration of disputes arising out of that agreement, but appellants have not shown that appellees' claims arise from any of the agreement's provisions.

{¶ 12} Appellants further point to appellees' status as "shareholders" in PAI and argue that because the shareholder agreement employs the word "shareholder," any

dispute is covered under the agreement.   However, Article XXII explicitly limits the disputes the arbitration clause covers to those arising out of the agreement. Appellants have not shown that appellees' claims   flow from that agreement.

{¶ 13} Appellants additionally assert that corporate regulations permit officers to enter into contracts that extend to some of appellees' claims regarding the breach of fiduciary duty.   However, Article XXII limits arbitrability to claims arising out of that agreement, as opposed to the corporate regulations, and Article XXVIII expressly limits the reach of the shareholder agreement to the terms of that document and explicitly rules out any other written agreements not included therein such as corporate regulations.

{¶ 14} Appellants cite Durina v. Filtroil, Inc., Columbiana App. No. 07CO24, 2008-Ohio-4803 to support the view that "arising out of" language may be broadly construed.   We note, however, that the opinion cites seven provisions in the "comprehensive contract" covered by the allegations in the complaint. Id. at ¶37.   By contrast, in the case sub judice appellants do not cite one specific part of the shareholder agreement implicated by the complaint.

{¶ 15} Appellants also rely on the Ohio Supreme Court's discussion in Academy of Medicine of Cincinnati v. Aetna Health, Inc., 108 Ohio St.3d 185, 842 N.E.2d 488, 2006-Ohio-657, at ¶18 concerning the implications of "arising out of" language:

> "Our next consideration is whether the arbitration clause limits itself only to certain aspects of the underlying contract. 'To determine whether the claims asserted in the complaint fall within the scope of an arbitration clause, the Court must 'classify the particular clause as either broad or narrow.' * * * An arbitration clause that contains the phrase 'any claim or controversy arising * * * out of or relating to the agreement' is considered 'the paradigm of a broad clause.'" (Citations omitted.)

In the case sub judice, we do not dispute that the shareholder agreement's arbitration clause is a "broad clause."   There is a difference, however, between a broad clause and an all-encompassing clause.   Appellants omit from their citation that Justice Pfeifer, writing for the majority, described the arbitration provision as purporting to "cover any disputes about the parties' business relationship." (Emphasis added.) Id. We, however, cannot tell from the opinion what provisions were contained in the "physician provider agreements" at issue in that case.   Those agreements may well have contained provisions, like the ones in Durina, that could be related directly to the allegations in the complaint.   However, as we have repeated numerous times in this opinion, appellants fail to point to a specific part of the shareholder agreement that covers the allegations in appellees' complaint sufficient to trigger the arbitration clause. Thus, like the trial court, we are not persuaded that appellees' claims flow from, or have origins in, the shareholder agreement.

{¶ 16} In summary, we recognize that courts look favorably upon arbitration and also favor a broad construction of arbitration clauses.   In the case at bar, however, the parties did not simply agree to arbitrate all disputes relating to their business enterprise without any limitations.   Rather, as the trial court aptly concluded, the actual wording of arbitration clause limits the types of disputes that the parties agreed to submit to arbitration.

{¶ 17} For these reasons, we hereby overrule appellants' assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., dissenting.

{¶ 18} I respectfully dissent.

{¶ 19} I agree that shareholder agreements are contracts, and the ordinary rules of contract law apply. See, e.g., *Heiser v. Heiser & Jesko*, Lake App. No. 2004-L-006, 2005-Ohio-4776, at ¶21-27 (considering a "close corporation agreement").

{¶ 20} However, based on the analysis that follows, I would find that the present dispute falls within the arbitration clause. Thus, I would reverse the judgment of the trial court.

{¶ 21} "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, at ¶14 (internal citations omitted). In determining the scope of arbitration clauses, Ohio Courts have adopted the test laid out by the Sixth Circuit. *Alexander v. Wells Fargo Financial Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, at ¶23, citing *Fazio v. Lehman Bros., Inc.* (C.A.6, 2003), 340 F.3d 386. Under this standard, "[e]ven real torts can be covered by arbitration clauses '[i]f the allegations underlying the claims 'touch matters' covered by the [agreement].'" *Alexander* at ¶24, citing *Fazio* at 395, quoting *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.* (C.A.2, 1987), 815 F.2d 840, 846.

{¶ 22} In *Fazio* the plaintiffs alleged that a stockbroker had engaged in fraudulent activities, including theft. *Fazio* at 391. The Sixth Circuit noted that the conduct violated the account agreements, but it also noted: "The lawsuit by necessity must describe why [the stockbroker] was in control of the plaintiffs' money and what the brokerage houses' obligations were. The plaintiffs therefore cannot maintain their action without reference to the account agreements, and accordingly, this action is covered by the arbitration clauses." *Fazio* at 395.

{¶ 23} In the present case, among other claims, the plaintiffs allege that the defendants have violated various duties owed because of the defendants' status as officers of the corporation. The defendants' status as officers of the corporation was established under Article II(D) of the shareholder agreement. Both Tudor and Wheeler were established as officers and directors based on an express provision of the agreement, and Boggs was later made an officer pursuant to Tudor and Wheeler's authority to appoint a successor under Article II(D).

{¶ 24} In their first cause of action, the plaintiffs allege that the defendants breached the fiduciary obligations that they owed to the corporation. The complaint indicates that those obligations were owed "as Officers and controlling shareholders[.]" Insofar as their positions were established by the shareholder agreement, I would hold that any breach of those duties touches on the shareholder agreement and so becomes subject to the arbitration clause under *Fazio*.

{¶ 25} As in *Fazio*, the agreement at issue created the relationship that led to the legal liability. It may be argued that *Fazio* can be distinguished on the basis that the

alleged wrongful behavior here did not expressly violate the shareholder agreement. This argument is unpersuasive.   The shareholder agreement, with specific reference to the particular corporate entity, established certain individuals in particular offices.   That act alone created a series of duties under the law that those officers owed the corporation, and through it, the shareholders.   In a sense, we may justly construe the shareholder agreement as incorporating those duties through the appointment of officers.   Therefore, I would conclude that we can plausibly interpret the arbitration clause as covering any breaches occasioned in duties the defendants owed as officers.

{¶ 26}  As noted above, the plaintiffs allege the defendants have breached certain other duties not dependent on their status as officers.   The majority opinion is probably correct that there are claims in the complaint that are not within the arbitration agreement, e.g. that the majority stockholders breached the fiduciary duties they owed to the minority stockholders.   But, I would nonetheless conclude that the trial court should have stayed the action as the "action is brought upon any issue referable to arbitration under an agreement in writing for arbitration[.]"   R.C. 2711.02(B).

{¶ 27}  Thus, I respectfully dissent.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Dissenting Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.